## 49863. FANNIN v. FANNIN.

MARSHALL, Judge.

This case is an appeal from the granting of summary judgment by the trial judge in favor of the defendant administrator of the estate of the deceased husband of the plaintiff-appellant in an interpleader action as to the disposition of the proceeds of a life insurance policy insuring the life of the deceased husband.

The sole issue to be determined is whether or not there was a genuine issue of material fact which precluded the granting of appellee-defendant's amended motion for summary judgment.

Appellant, Trellie M. Fannin, was indicted for the murder of her husband, Bobbie Lee Fannin, on December 1, 1972, and entered a plea of guilty to voluntary manslaughter in Fulton Superior Court on June 11, 1973, and was sentenced the same day.

At the time of death of appellant's husband, there was in force with Metropolitan Life Insurance Company a certificate of life insurance on his life in the amount of

$15,000, which listed appellant as beneficiary.

Both appellant and appellee filed claims with Metropolitan for the proceeds of the policy. Subsequently, appellant brought suit in the Civil Court of Fulton County for the proceeds of the policy. Thereupon, Metropolitan filed a complaint in Fulton Superior Court and prayed for the relief of interpleader and discharge naming appellant and appellee as parties. Metropolitan was discharged after paying into court the proceeds of the policy.

Appellee's motion for summary judgment was granted by the trial judge and appellant appealed. *Held:*

1. In her affidavit filed in opposition to appellee's motion for summary judgment, appellant (a) simply denies committing murder or voluntary manslaughter as to her deceased husband; (b) alleges justification in using force which was likely to produce death or serious bodily harm at the time of the death of her husband "because I reasonably believed that such force was necessary to prevent death or great bodily injury to me." She does not recite the events which occurred at the time of her husband's death.

The affidavit contains only conclusions of the appellant. There are no facts asserted therein from which the trial court could determine if there were a genuine issue of fact on the controlling question: did Trellie M. Fannin commit voluntary manslaughter in the death of her husband?

Code Ann. § 81A-156 (e) provides in part: "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." "In considering depositions and affidavits in support of or in opposition to motions for summary judgments the facts contained therein, and not the conclusions stated, determine whether a genuine issue of fact exists." *Varnadoe v. State Farm Mut. Ins. Co.,* 112 Ga. App. 366 (145 SE2d 104).

2. Appellee attached proof of appellant's plea of

guilty to the charge of voluntary manslaughter of her husband, Bobby Lee Fannin, in the form of a certified copy of the indictment against her with the guilty plea entered thereon, to his motion for summary judgment. Other affidavits attached to the appellee's motion by witnesses present when the guilty plea was entered by the appellee and received by the trial judge stated that the appellee entered the plea of guilty freely and voluntarily.

3. Ga. L. 1960, pp. 289, 687 (Code Ann. § 56-2506) provides: "Killer of insured not to receive policy benefits. — No person who commits murder or voluntary manslaughter, and no person who conspires with another to commit murder shall receive any benefits from any insurance policy on the life of the deceased even though the person so killing or conspiring be named beneficiary in such an insurance policy. A plea of guilty or a judicial finding of guilt, not reversed or otherwise set aside as to any of such crimes shall be prima facie evidence of guilt in determining rights under this section. All right, interest, estate and proceeds in such an insurance policy shall go to such other heirs of the deceased as may be entitled thereto by the law of descent and distribution of this State, unless secondary beneficiaries be named in the policy, in which event such secondary beneficiaries shall take."

4. Appellant having failed to show that there was a genuine issue as to a material fact, and appellee having shown that he was entitled to a judgment as a matter of law, the trial judge did not err in granting appellee's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED NOVEMBER 7, 1974 — DECIDED
JANUARY 7, 1975.

*Paul McGee,* for appellant.
*John McGuigan,* for appellee.