66170. NORRIS v. KUNES.

BIRDSONG, Judge.

In 1981 appellant Norris executed a "Retainer for Legal Services" retaining attorney Kunes "to institute legal proceedings . . . to recover damages sustained by James L. Norris . . . as a result of fall on the job — down a flight of ice and snow covered stairs on the Rumford, Maine expansion job site at Bone Cascade Paper Mill, [and agreeing to pay Kunes] . . . 33-1/3 per cent of any settlement, verdict or recovery had in said action. . . ." Kunes is a Georgia lawyer, Norris is a Georgia resident, and the contract was made in Georgia.

Kunes then associated counsel in Maine, who informed Kunes that under Maine law an attorney representing a workers' compensation claimant in Maine could receive no fee except what the Maine Workers' Compensation Board awarded, usually on a reasonable hourly fee basis. The Maine counsel agreed to handle the case on a division of such a fee. Kunes responded by letter, saying only that "the division of fees outlined in your letter. . . is satisfactory with our office." Thereafter, appellant Norris received a $100,000 lump sum settlement of his claim. The Maine Board of Workers' Compensation awarded Kunes $2,500 attorney fees. Kunes subsequently brought suit against Norris, demanding $33,333 (less $2,500) based on the retainer agreement, and Norris demurred that under Maine law Kunes was not entitled to the one-third fee and further, under Georgia law, the one-third retainer agreement for a workers' compensation case is void and unenforceable as against public policy. The trial court granted summary judgment to attorney Kunes, finding that the fee contract was not void as against Georgia public policy and that Norris and Kunes did not mutually depart from the terms of the contract sued upon, and further, denying Norris' counterclaim for twice the amount of the fee (the penalty imposed upon an attorney in Maine law for executing such a fee agreement). *Held:*

It is well settled that a valid, voluntary contract, to be performed

in Georgia (payment for legal services), and made between Georgia residents in Georgia, is enforceable in Georgia, notwithstanding that it relates to performance of a subject matter in another state in which the contract would as a matter of statutory law be unenforceable. See, similarly, *Commercial Credit Plan v. Parker,* 152 Ga. App. 409 (263 SE2d 220). In like manner, the Georgia Board of Workers' Compensation has complete authority over what shall be approved legal fees in workers' compensation proceedings in Georgia (Title 34 (Code Ann. Title 114), Appendix, Rule 108 of Rules and Regulations of State Board of Workers' Compensation), but could not, according to its own definition of what is right and proper, presume to contravene a valid contract for compensation entered into and to be performed in another state.

A one-third contingency fee attorney retainer contract is not unenforceable in Georgia. Ethical Consideration 2-20 of the Rules and Regulations of the State Bar of Georgia explains that contingency fees often "in a variety of circumstances, provide the only practical means by which one having a claim against another can economically afford, finance, and obtain the services of a competent lawyer. . . . In administrative agency proceedings contingent fee contracts should be governed by the same consideration as in other civil cases." It is irrelevant that the agreement in this case does not disclose that the exclusive remedy for injury giving rise to the cause of action was workers' compensation. The claim could have been far more complicated; in fact, the claim was complicated by the fact that it arose in a far-distant state and proceedings might become accordingly involved. The client Norris was afforded the substantial advantage and convenience of laying in the hands of a Georgia attorney what could have. been the prohibitive task of locating and monitoring out-of-state counsel to pursue his claim.

Moreover, the Georgia Board of Workers' Compensation generally deems reasonable a one-third contingency fee for recovery of weekly workers' compensation benefits after a hearing (Rule 108, Rules and Regulations of Georgia State Board of Workers' Compensation). This fact, with a consideration of the above stated factors, convinces us that this contract does not offend the public policy of this state. See generally *Porubiansky v. Emory Univ.,* 156 Ga. App. 602 (275 SE2d 163); OCGA § 13-8-2 (Code Ann. § 20-504). We will note, also, that perhaps because of the very success of his lawsuit in Maine, it now seems simple for the appellant to look backward and bemoan his agreement as unnecessary; but it is most possible, if not probable, that it was the agreement itself which enabled the Tifton, Georgia claimant conveniently to achieve speedy, efficient and substantial compensation from a defendant a thousand

miles away. Hindsight is not a consideration of what determines an excessive fee. See State Bar Disciplinary Rule 2-106. The fee was not contrary to Georgia public policy when entered into, and it is not unenforceable today. Being an entirely independent and enforceable Georgia contract, it is not subject to the Maine law which prohibits and penalizes agreements for additional attorney fees in Maine.

There is no competent evidence in the record that the appellant and his attorney mutually departed from the terms of the agreement. The evidence shows that as far as an award by the Maine workers' compensation board was concerned, the attorney was limited to a certain fee recovery and that he agreed to an appropriate division of that fee with the associated Maine counsel. There is no evidence whatsoever that the attorney waived or departed from the Georgia fee agreement. Appellant asserted in affidavit that after learning of the Maine rule, appellant and the attorney had a meeting during which appellant, "based upon the words and conduct of [the attorney] fully expected that [the attorney's] fee would be only that which was provided for in such cases under Maine's workers' compensation statute." In the face of the total absence of evidence that the attorney departed from the fee agreement, the appellant's assertion does not "set forth specific facts" (OCGA § 9-11-56 (e) (Code Ann. § 81A-156)) raising any issue of fact as to the words and conduct of the attorney; it merely states the appellant's conclusion. *Scroggins v. Whitfield Finance Co.,* 152 Ga. App. 8 (262 SE2d 168); *Fannin v. Fannin,* 133 Ga. App. 681 (212 SE2d 16); *Matthews v. Wilson,* 119 Ga. App. 708 (168 SE2d 864). The time to present such relevant evidence as appellant might have had showing an actual departure or novation was in response to the motion for summary judgment. *King v. Fryer,* 107 Ga. App. 715 (131 SE2d 203). Placing every burden of proof upon the movant, attorney Kunes, and indulging every inference on behalf of appellant Norris, there is still no inference to make from the bare assertion that based on the attorney's unspecified "words and conduct" appellant concluded a new agreement had been entered into.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 19, 1983.

*Clarence A. Miller,* for appellant.
*G. G. Joseph Kunes, Jr.,* for appellee.