77103. JONES et al. v. BROWN.
(372 SE2d 661)

DEEN, Presiding Judge.

We granted a discretionary appeal in the instant case for the purpose of determining whether the Bryan County Superior Court erred in affirming the full Board of Workers' Compensation in its adoption of the Administrative Law Judge's (ALJ) award of 25 percent of income benefits as attorney fees, as agreed to between appellee Brown and his attorney in entering into a standard contingency-fee contract for the attorney to represent Brown in the latter's attempt to enforce his rights under OCGA § 34-9-221.

Brown received a compensable injury, but appellant Jones, his employer, failed to commence payment within the statutory period or to notify his insurer, as required by OCGA § 34-9-221. Appellee Brown, pursuant to OCGA § 34-9-108 (b), retained attorney Hallman and executed the latter's standard 25 percent contingency-fee contract, which meant that if Brown won his case, Hallman would be entitled to be paid by the employer/insurer an amount equal to 25 percent of Jones' weekly benefits for as many weeks as they were or-

dered to be paid. Hallman immediately filed notice of his retention for the purpose of collecting the moneys due his client. When Brown's first benefit check arrived, it was drawn for an amount less than that actually owed, and Hallman wrote a letter pointing out the error and also pointing out that the statutory penalty and fee had not been paid.

An ALJ found that the belated commencement of payments was "without excuse" and that it was the employer's own action — or inaction — which had necessitated Brown's retention of legal counsel. Moreover, the ALJ found that the standard contingency-fee contract was reasonable in comparison with other contingency-fee contracts employed by attorneys in the area. The ALJ therefore ordered that attorney fees equal to 25 percent of income benefits be paid claimant Brown's attorney for 400 weeks, or for a lesser time if income benefits were terminated sooner. The employer/insurer filed successive appeals to the full Board of Workers' Compensation and the Superior Court of Bryan County, each of which affirmed the holding of the tribunal below. In the appeal to this court, appellants enumerate as error (1) the Superior Court's failure to reverse the full Board's approval of the contingency-fee contract or to order that attorney fees be based on the time actually spent by the attorney to date (allegedly about five hours) at his regular hourly rate of $75; and (2) that the award of attorney fees was so grossly disproportionate and excessive as to constitute an abuse of the trial court's discretion under OCGA § 34-9-108. *Held*:

1. The ALJ in his award expressly found that the appellant's failure to comply in a timely manner with the relevant statutes was without excuse, and the imposition of penalty and attorney fees therefore appropriate. The purpose of the penalty and attorney fee provisions of Title 34 is to encourage the employer to settle promptly and thus to spare the employee unnecessary economic hardship. An employer who is untimely acts so at his own peril, and in effect invites imposition of pecuniary penalties that might have been avoided.

Moreover, appellant couples its contention that payment of $375 for time allegedly spent on the case to date is a fair compensation, with a "worst-case" scenario in which appellee might draw benefits for a full 400-week term and the employer would thereby be required to pay out a total of $13,334 in attorney fees. This hypothesis totally disregards such considerations as reduction to present value and the likelihood of termination of income benefits long before the 400-week maximum is reached. Furthermore, appellant overlooks not only the well-nigh ubiquitous use of contingency-fee contracts in workers' compensation cases, but also the very valid reasons which dictate their use. See, e.g., *Norris v. Kunes*, 166 Ga. App. 686 (305 SE2d 426) (1983); *Liberty Mut. Ins. Co. v. Kirkland*, 156 Ga. App. 576 (275

SE2d 152) (1980). To insist that in this particular case, which contains facts and issues by no means unusual in workers' compensation cases, the court should have repudiated the contingency-fee contract in favor of some other means of reckoning the attorney fees, would in itself be tantamount to rejecting the application of the relevant statutes in favor of some extraneous — and erroneous — theory of law; that is, to insist that the court commit the very error with which appellant charges it in the instant appeal. We find no error of law here, and no validity in this enumeration.

2. Scrutiny of the record reveals that in his award the ALJ carefully considered the reasonableness *vel non* of the fee contract, and the Superior Court, applying the proper appellate standard of "any evidence," correctly affirmed the full Board. We find no abuse of discretion in these proceedings.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 6, 1988.

*James R. Gardner, Christopher E. Klein*, for appellants.
*Ronald W. Hallman*, for appellee.