77501. THRASH v. GEORGIA STATE BANK OF ROME et al.
(375 SE2d 112)

McMURRAY, Presiding Judge.

In this "wrongful dishonor" case, we are called upon to decide whether plaintiff was a bank "customer" within the meaning of OCGA § 11-4-402. We hold that he was not and affirm the trial court's grant of summary judgment to the bank.

On March 14, 1983, Tabb Auto Salvage Company was duly incorporated under the laws of the State of Georgia. "Tabb" was an acronym formed by the initial letters of the last names of the corporation's shareholders: Glenn Lamar Thrash, Sr., C. King Askew, Robert M. Brinson and Robert L. Berry.

The corporation's board of directors consisted of Askew, Brinson and Berry. Thrash, a minority shareholder in the corporation, held the office of president.

The corporation did business in Rome, Georgia, under the registered trade name "Thrash Tire Outlet." On April 1, 1983, it opened a

commercial checking account with the bank. The name "Tabb Auto Salvage d/b/a Thrash Tire Co." appeared on the corporation's checks. Thrash, Askew, Brinson and Berry were all authorized to sign the checks.

On September 24, 1984, the corporation borrowed $71,678.09 from the bank. The note was signed by Thrash, as president, and Askew, as secretary of the corporation. It was personally guaranteed by Thrash, Askew, Brinson and Berry.

On May 15, 1985, the bank froze the corporation's checking account. (Apparently, the bank feared that corporate assets collateralizing the note were being removed from the corporation's premises.) As a result, corporate checks written by Thrash were dishonored.

Thrash was arrested subsequently on bad check charges. In the meantime, on May 16, 1985, Thrash was ousted from his office as president of the corporation by the other shareholders.

Thrash brought suit against The Georgia State Bank of Rome and Marc Duncan d/b/a Interstate Battery Systems of Northwest Georgia ("Interstate"). He alleged that the bank wrongfully dishonored checks which he had written; that one such check was delivered to Interstate; and that the wrongful dishonor of that check led to plaintiff's arrest and incarceration. It was also alleged that the bank wrongfully dishonored a check which plaintiff had written and delivered to the Employment Security Agency and that, as a result, plaintiff faced additional criminal or civil penalties. Defendants answered the complaint and denied any liability to plaintiff. Thereafter, following discovery, the bank moved for summary judgment.

In support of its motion for summary judgment, the bank submitted the affidavits of E. William Roberts, its Senior Vice-President. He averred that he was the bank officer responsible for the corporation's account; that he considered the corporation "to be the Bank's creditor"; that plaintiff represented himself to be the president of the corporation; that the corporation defaulted on its note with the bank; that Messrs. Askew, Brinson and Berry paid the corporation's obligation to the bank; and that plaintiff did not pay the corporation's obligation to the bank.

In opposition to the bank's summary judgment motion, plaintiff submitted an affidavit in which he averred: "To my knowledge, no stock of the corporation was ever issued to any stockholder. Additionally, this corporation was undercapitalized . . . I made all the decisions regarding the operations of the corporation. Specifically, I loaned the corporation money on several occasions; I saw to the daily operations of the corporation; I made all of the major decisions of the corporation. Indeed, I was the corporation."

The trial court granted the bank's motion for summary judgment. This appeal followed. *Held*:

In pertinent part, OCGA § 11-4-402 (which is identical to UCC § 4-402) provides: "A payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item . . ." Was plaintiff a "customer" of the bank as that term is used in this Code section?

" 'Customer' means any person having an account with a bank . . ." OCGA § 11-4-104 (1) (e). Plaintiff did not have an account with the bank. It was the corporation, Tabb Auto Salvage Co. d/b/a Thrash Tire Outlet, which had the account. Plaintiff was merely an officer and shareholder of the corporation. Accordingly, plaintiff cannot maintain an action against the bank for "wrongful dishonor."[1] *Loucks v. Albuquerque Nat. Bank*, 76 N.M. 735 (418 P2d 191) (1966); *Farmers Bank v. Sinwellan Corp.*, 367 A2d 180 (Del. 1976); *Kesner v. Liberty Bank &c. Co.*, 390 NE2d 259 (Mass. App. 1979); *Koger v. East First Nat. Bank*, 443 S2d 141 (Fla. App. 2 Dist. 1983).

Relying upon *Kendall Yacht Corp. v. United Cal. Bank*, 123 Cal.Rptr. 848 (50 Cal. App.3d 949) (1975), plaintiff contends he should be considered the bank's customer even though the corporation was the nominal depositor. In that case, the Kendalls brought suit against United California Bank for the wrongful dishonor of checks. Since the Kendalls' corporation was the nominal depositor, the bank defended on the ground that the Kendalls were not customers. The appellate court disagreed. It recognized that, as a general proposition, owners or officers of a depositor corporation are not customers of a bank within the meaning of UCC § 4-402. It held, however, under the circumstances of that case, that the Kendalls were customers. What circumstances led the *Kendall* court to that conclusion? The Kendalls' corporation was undercapitalized and it never issued stock. The Kendalls were the prospective principal shareholders of the corporation. They personally guaranteed the corporation's debts and they alone controlled the corporation's financial affairs. Essentially, the Kendalls and their corporation were one and the same. Moreover, the bank and others dealing with the corporation knew that that was the situation.

The facts in the case sub judice do not fit within the *Kendall* framework. Plaintiff was not the principal shareholder of the corporation. He was one of four shareholders and he owned a minority of the shares. Plaintiff guaranteed the corporation's debt to the bank but he was not alone in doing so. All of the shareholders guaranteed the corporation's debt to the bank. Moreover, the other shareholders, not plaintiff, paid that debt. Finally, the bank did not consider plaintiff to

---

[1] The term "wrongful dishonor" encompasses actions for breach of contract and tort. By using that term, the Uniform Commercial Code's drafters avoided the specification of a particular legal theory. See Uniform Commercial Code § 4-402, Official Comment 2.

be its depositor. It viewed the corporation as its depositor. Based on these facts, it cannot be said that plaintiff and the corporation were one and the same. Compare *Karsh v. American City Bank*, 169 Cal.Rptr. 851 (113 Cal. App.3d 419) (1980). If they were, plaintiff would not have been ousted from the office of corporation president by the other shareholders.

Plaintiff's affidavit does not create a factual question with respect to the "customer" controversy. " 'Ultimate or conclusory facts and conclusions of law, as well as statements made on belief or "on information and belief," cannot be utilized on a summary judgment motion. Similarly, the mere reargument of a party's case or the denial of an opponent's allegations will be disregarded.' Wright & Miller, Federal Practice and Procedure: Civil § 2738, p. 695." *Cel-Ko Bldrs. & Dev. v. BX Corp.*, 136 Ga. App. 777, 781 (222 SE2d 94). Thus, plaintiff's statement concerning the issuance of stock, made to his "knowledge," does not rise to the level of fact. See *Heavey v. Security Mgt. Co.*, 129 Ga. App. 83 (198 SE2d 694). Likewise, plaintiff's conclusions concerning undercapitalization and alter ego must be disregarded. See *Parlato v. MARTA*, 165 Ga. App. 758 (302 SE2d 613); *Fannin v. Fannin*, 133 Ga. App. 681 (212 SE2d 16).

The evidence adduced upon the bank's motion for summary judgment demonstrates that plaintiff was not a "customer" of the bank within the meaning of OCGA § 11-4-402 as a matter of law. Accordingly, the trial court did not err in granting the bank's motion for summary judgment.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 25, 1988.

*Roy E. Barnes*, for appellant.
*Robert N. Farrar, Thomas D. Richardson, Clayton H. Hollingsworth, Jr.*, for appellees.