### 77371. HEARD v. NEIGHBOR NEWSPAPERS, INC. et al.
(380 SE2d 279)

POPE, Judge.

Plaintiff Jeanette Heard brought this libel action against defendant Neighbor Newspapers, Inc., and C. Randall Doster in regard to an article which appeared on the front page of the newspaper's October 21, 1982 edition. The article reported that according to Doster, an investigator with the Georgia Department of Human Resources Office of Fraud and Abuse, plaintiff Heard had pled guilty to an indictment for welfare fraud and had paid $10,939 to the clerk of the Paulding County Superior Court as restitution. In fact, plaintiff pled not guilty but agreed to make restitution of the stated amount and, upon motion of the district attorney, the court entered an order of nolle prosequi. Defendant newspaper brought a motion for summary judgment on the ground that the statement in question was a privileged communication pursuant to OCGA § 51-5-7 (7) because it was a truthful report of information received from the investigator and was made without malice. Summary judgment was granted to defendant newspaper and plaintiff appeals. Although plaintiff asserted nine enumerations of error, plaintiff's argument is essentially two-fold: (1) that an issue of fact remains as to whether the statement was privileged and (2) even if it was a privileged statement, an issue of fact remains as to whether the statement was made with "private malice," so as to negate the privilege pursuant to OCGA § 51-5-9.

1. a. The first element of the privilege granted by OCGA § 51-5-7 (7) is that the report is a "truthful report" of the statement given by the officer. The reporter to whom the statements were made at-

tested by affidavit that the article she wrote was a truthful report of information received from defendant Doster. The unverified answer of defendant Doster, now deceased, denied the allegation, contained within plaintiff's original complaint, that he made the false statement. (We note that in response to defendant's motion for summary judgment, plaintiff amended her complaint to withdraw her allegation that the false statement was made and to allege, instead, that Doster "allegedly" made the false statement; therefore, defendant does not argue that the issue is governed by the doctrine of admission in judicio.) However, pursuant to OCGA § 9-11-56 (e), when a motion for summary judgment is supported by evidence, the adverse party may not rest upon the mere allegation or denial of the pleadings. Plaintiff presented no evidence to contradict the reporter's sworn statement. The mere reargument of a party's case or the denial of an opponent's allegations will be disregarded in considering a motion for summary judgment where no competent evidence has been submitted to raise a material issue of fact. See *Morton v. Stewart*, 153 Ga. App. 636 (2b) (266 SE2d 230) (1980). Consequently, the undisputed evidence shows the article in question was a "truthful report" of what Doster told the reporter.

b. The second element of the privilege granted by OCGA § 51-5-7 (7) is that the information in question was "received from any arresting officer or police authorities." Plaintiff argues that defendant's motion must fail because defendant has not shown that Doster was an officer or a "police authorit[y]" pursuant to the terms of the statute.

Clearly, Doster was not an arresting officer or a policeman. The issue is whether Doster was an agent of a "police authorit[y]" as that term is used in the statute. Apparently, the appellate courts of this state have never before construed the meaning of "police authorit[y]" in applying the statute. However, the courts have construed the meaning of "proceeding of legislative or judicial bodies" in applying the statutory privilege granted in subsection (4) of OCGA § 51-5-7. We have applied a functional analysis in determining whether the proceeding in question was judicial or legislative in nature. "[I]t is the nature of the act to be performed rather than the office, board, or body which performs it, that determines whether or not it is the discharge of a judicial or quasi-judicial function. [Cit.]" (Punctuation omitted.) *Morton v. Stewart*, supra at 639. Thus, a conditionally privileged status has been granted to the proceedings of the Composite State Board of Medical Examiners (*Morton*, id.) and to the proceedings of a County Commission on Roads and Revenues (*Pearce v. Brower*, 72 Ga. 243 (1881)).

The record shows that defendant Doster was employed as an investigator by the Georgia Department of Human Resources Office of Fraud and Abuse and that he assisted the district attorney in investi-

gating the criminal charge of welfare fraud brought against plaintiff. OCGA § 49-4-15 defines welfare fraud and grants the Department of Human Resources the duty and authority to make and enforce regulations concerning welfare fraud and to recoup overpayment of welfare benefits from the recipient. Thus, in regard to the charges brought against plaintiff, the Department of Human Resources had police-like authority to investigate and prosecute. While the Department of Human Resources is certainly not a police department, in the context of the charge brought against plaintiff it had quasi-police authority.

Plaintiff argues that the privilege should not attach unless the information given by the "police authorit[y]" was made within the context of an official proceeding. Here, the information received by defendant newspaper from defendant Doster did, in fact, relate to the official proceeding against plaintiff. Therefore, no issue of fact remains as to whether the communication in question is privileged.

2. "[W]hen a defendant moves for summary judgment [in a case involving a statutorily privileged statement], it must negate a plaintiff's claim of actual malice by establishing that it lacked knowledge that the defamatory matter was false or did not publish it with reckless disregard as to whether it was false or not." (Citations and punctuation omitted.) *Clayton v. Macon Telegraph Pub. Co.*, 173 Ga. App. 466, 467 (326 SE2d 789) (1985). Defendant in this case submitted the affidavit of the reporter who wrote the article in question and the associate editor who received and approved the article for publication. Both individuals attested they never harbored any ill will or animosity toward plaintiff Heard and attested that they do not personally know her. The reporter described the facts and circumstances surrounding defendant Doster's visit to her office and the information she received from him. She attested that she thought and believed the information received from Doster was true. When a defendant submits sworn evidence disclaiming a malicious motive, "the plaintiff cannot rest upon his allegations or denials, but his response must set forth specific facts showing that there is a genuine issue for trial." *Morton v. Gardner*, 155 Ga. App. 600, 605 (271 SE2d 733) (1980). "[W]here there is uncontradicted testimony by a party as to a certain fact (here, [that defendant] acted without malice) then the opposing party must produce 'some other fact' to the contrary (here, that [defendant] acted maliciously). If the 'other fact' is shown directly, that is sufficient for the case to go to a jury, but if it is circumstantial then it must be evidence sufficient to support a verdict. The circumstantial evidence must be inconsistent with the direct testimony [footnote omitted] and must tend to establish the conclusion projected while rendering less probable all inconsistent conclusions." *Cohen v. Hartlage*, 179 Ga. App. 847, 850 (348 SE2d 331) (1986). Plaintiff submit-

ted the affidavit of an individual who purported to be an expert in news reporting and who attested that, in his opinion the article in question was published without adequate investigation and verification of its contents and that its publication did not meet acceptable industry standards. At best, the expert's affidavit created an issue of fact as to the reporter's negligence. It did not, however, create an issue of fact as to the defendant's malice. In order to prove malice sufficient to forfeit the statutory privilege, it must be shown that the defendant acted wilfully, corruptly, or maliciously. See id. at 849. A showing of mere negligence is insufficient to create an issue as to defendant's malice.

Because no issue of fact remains as to the defendant's lack of malice, plaintiff may not recover general or punitive damages and the court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 15, 1989 —
REHEARING DENIED MARCH 14, 1989 — 

*Jack F. Witcher, John E. Gilchrist, Stephen E. Garner,* for appellant.

*Long, Aldridge & Norman, Albert G. Norman, Jr., F. T. Davis, Jr. Barnes & Browning, Roy E. Barnes, Alston & Bird, Jay D. Bennett,* for appellees.