A89A0237. LOKEY & BOWDEN et al. v. PELLETIER.
(385 SE2d 90)

POPE, Judge.

This appeal arises out of a business transaction run amok. The record shows C. M. Culpepper owned fifty shares (fifty percent) of

the stock of Buckhead House of Travel, Inc., which operated a travel agency. Forty shares (forty percent) were owned by a group of investors referred to in the litigation as the "Hurst group." On November 11, 1984, the Hurst group entered into a detailed written agreement whereby the Hurst group conveyed its forty shares to Travel, Inc., for payment totaling $100,000. Pursuant to the written agreement, Travel, Inc., retained the right to rescind the transaction upon written notice within 180 days of the signing of the agreement if it was unsuccessful in negotiating the purchase of Culpepper's shares. As part of the agreement between the Hurst group and Travel, Inc., the Hurst group granted a share pledge agreement, pledging its interest in the stock to Travel, Inc., as security for repayment of the purchase price in the event Travel, Inc., rescinded the purchase. The Hurst group learned that Culpepper rejected Travel, Inc.'s purchase offer. The Hurst group then purported to sell its stock to plaintiff Ronald O. Pelletier for $100,000 on December 29, 1984. Plaintiff claims to have been unaware that the stock was subject to the previous agreement with Travel, Inc.

After executing the purported purchase agreement for the Hurst group stock, plaintiff entered into negotiations to purchase the stock held by Culpepper. Plaintiff testified that he wished Culpepper to believe that he had not yet consummated the transaction with the Hurst group but to believe that he was still negotiating with that group of shareholders as well as Culpepper. Ultimately, plaintiff was unable to reach an agreement with Culpepper and, instead, in January of 1985 filed a shareholder derivative action against Culpepper, Buckhead House of Travel and members of the Hurst group. Neither Culpepper nor the attorney for the corporation was aware that plaintiff claimed to be a shareholder in the corporation until the shareholder derivative action was filed. During the first three months after the shareholder derivative action was filed the corporation was represented in the litigation by defendant attorney Gary D. Zweifel practicing with the defendant law firm Lokey & Bowden. In mid-March 1985, Buckhead House of Travel initiated bankruptcy proceedings in the United States Bankruptcy Court. The action now before us on appeal was filed by plaintiff Pelletier against the defendant attorneys alleging defendants' legal malpractice resulted in the corporation's bankruptcy and therefore caused plaintiff, who claims to be a shareholder of the corporation, financial loss.

Defendants Lokey & Bowden and Zweifel filed a motion to dismiss and motion for judgment on the pleadings which was denied. The order denying defendants' motions was premised upon the assumption that plaintiff was a shareholder of the corporation and could maintain the action for malpractice against the corporation's attorneys. Defendants then filed a motion for summary judgment and

motion for reconsideration of the trial court's prior order in which defendants asserted that even if a shareholder could maintain such an action, the undisputed facts showed plaintiff was not a shareholder. These motions were denied because the trial court found an issue of fact was raised as to whether plaintiff was a shareholder of the corporation. Defendants appeal.

1. The threshold issue on appeal is whether an issue of fact remains as to whether plaintiff was a shareholder of the company. The undisputed evidence shows that the forty shares plaintiff claims to have purchased were first purchased by Travel, Inc. Pursuant to the purchase agreement, Travel, Inc., had an option to rescind the purchase within 180 days by giving written notice to the Hurst group. According to the agreement, immediately upon rescission the Hurst group was obligated to Travel, Inc., in accordance with the share pledge agreement until the purchase price of the shares was refunded to Travel, Inc. Travel, Inc., provided written notice of rescission by letter dated March 12, 1985. Certain members of the Hurst group provided testimony by affidavit that they "believe[d], based on [the statement by the owner of Travel, Inc. on December 1, 1984 that he could not reach an agreement with Culpepper to purchase an additional fifty shares of stock] that [they] had the right to arrange for the sale of the 40 shares of . . . stock [originally sold to Travel, Inc.] to Mr. Pelletier . . . ." The affidavits further state that Travel, Inc., rescinded the agreement on December 1, 1984. However, the affidavits clearly indicate that this statement is based upon what the owner of Travel, Inc., "told" them on December 1.

The written agreement between the Hurst group and Travel, Inc., required written notice for rescission of the sale. No evidence was presented to establish that the terms of the written agreement were modified to permit oral rescission of the contract. By deposition, the owner of Travel, Inc., testified that he did not rescind the sale until March 1985 because he did not give up hope of reaching an agreement for the purchase of Culpepper's additional shares until about March 1, 1985. Thus, the affidavit testimony of the Hurst group that the sale was rescinded in December 1984 is merely a conclusion which is insufficient to contradict the direct testimony of the owner of Travel, Inc., and to create a factual issue for the jury. See *Aldridge v. Dixie Fire &c. Co.*, 223 Ga. 130 (1) (153 SE2d 723) (1967); *Belcher v. Logan*, 150 Ga. App. 249 (1) (257 SE2d 299) (1979); *Chandler v. Gately*, 119 Ga. App. 513 (1b) (167 SE2d 697) (1969). " 'In considering depositions and affidavits in support of or in opposition to motions for summary judgments the facts contained therein, and not the conclusions stated, determine whether a genuine issue of fact exists.' *Varnadoe v. State Farm Mut. Ins. Co.*, 112 Ga. App. 366 (145 SE2d 104 [(1965)]." *Fannin v. Fannin*, 133 Ga. App. 681, 682 (212 SE2d 16)

(1975). Given the requirement of written notice of rescission and the period of 180 days from November 1, 1984, in which Travel, Inc., could exercise the right to rescind, the fact that the owner of Travel, Inc., told the Hurst group he had been unable to reach an agreement with Culpepper for the purchase of his stock as of December 1, 1984, does not create an issue of fact as to whether the agreement between Travel, Inc., and the Hurst group was rescinded as of that date.

Moreover, the owner of Travel, Inc., testified at deposition that the purchase price paid for the stock had never been repaid by the Hurst group. Therefore, pursuant to the stock pledge agreement, the stock purportedly sold to plaintiff, even after rescission by Travel, Inc., was still pledged to Travel, Inc., as security for the unrefunded purchase price.

2. We need not address the issue of whether plaintiff, if he were a shareholder, had standing to sue the corporation's attorneys for malpractice because the evidence shows plaintiff was not a shareholder. Consequently, summary judgment in favor of defendants was improperly denied.

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

DECIDED JUNE 28, 1989 —
REHEARING DENIED JULY 26, 1989 —

*Hicks, Maloof & Campbell, Robert E. Hicks, Robert A. Bartlett,* for appellants.
*Herbert P. Schlanger,* for appellee.