## 46894. HEARD v. NEIGHBOR NEWSPAPERS, INC.

(383 SE2d 553)

PER CURIAM.

The Court of Appeals affirmed the grant of summary judgment to a defendant newspaper in a libel action, based upon a holding that the publication of a report received from an investigator was privileged by virtue of OCGA § 51-5-7 (7). *Heard v. Neighbor Newspapers,* 190 Ga. App. 756 (380 SE2d 279) (1989). We granted certiorari upon the following inquiry:

Is information from a welfare fraud investigator as to what transpired in court conditionally privileged? If so, is a fact issue as to malice created by the reporter's failure to check this information?

### *Factual Background*

1. A grand jury indicted Heard for violation of § 49-4-15, commonly known as "welfare fraud." At arraignment Heard entered a plea of not guilty, and agreed to repay to the state the sum of $10,939. Thereupon the district attorney made a motion for an order of *nolle prosequi.*

2. The newspaper published a report of the arraignment under a headline that stated: "SUM REPAID ON WELFARE; PLEA GUILTY." A few days later, the court entered an order of *nolle prosequi,* and the criminal prosecution of Heard was terminated.

3. Heard brought a libel action against the newspaper based upon its false attribution to her of the admission of guilt of a crime. The newspaper defended on the ground that, in stating that Heard had pleaded guilty, it relied upon the report of an investigator with the Office of Fraud and Abuse, within the Department of Human Resources; and that, because its statement was a "truthful report" of that information, the publication was privileged under OCGA § 51-5-7 (7).

### *The Immunity Statute*

4. (a) The applicable portion of OCGA § 51-5-7 (7) is:

The following communications are deemed privileged:

(7) Truthful reports of information received from any arresting officer or police authorities;

(b) The issue in this case is whether the report from the investigator was "information received from any arresting officer or police

authority."

5. (a) OCGA § 51-5-7 (7) creates an immunity that did not exist at common law, and is in derogation of the common law.

(b) Statutes in derogation of the common law are construed strictly. *Wooten v. Ford,* 46 Ga. App. 50 (166 SE 449) (1932); *Metro Properties v. City of Dalton,* 161 Ga. App. 711, 714 (288 SE2d 745) (1982). This principle applies alike to those precepts of the common law that have been codified.

(c) "In Georgia, the libel and slander Code sections are a codification of the common law." *American Broadcasting &c. v. Simpson,* 106 Ga. App. 230, 237 (126 SE2d 873) (1962).

Thus, we accord to the phrase "any arresting officer or police authorities" a narrow construction.

6. (a) "Words, like people, are judged by the company they keep." *Anderson v. Southeastern Fidelity Ins. Co.,* 251 Ga. 556 (307 SE2d 499) (1983). The connecting thread of the constituent terms of the phrase ("any arresting officer or police authorities") is the police power, as exercised by public agencies in the interest of the public safety. We interpret these terms to apply only to those persons who are authorized by lawful authority to arrest other persons; and to persons and agencies that are authorized by lawful authority to initiate and conduct criminal prosecutions.

(b) It is undisputed that the investigator from whom the newspaper received the published information had power only to conduct inquiries into possible fraud and abuse, and had no power to arrest. Nor did the office by which he was employed have the power to initiate or conduct criminal prosecution.

*Conclusion*

7. Accordingly, the newspaper's "truthful report" was beyond the scope of the immunity statute, and summary judgment should not have been granted.

*Judgment reversed. All the Justices concur, except Marshall, C. J., and Gregory, J., who dissent. Weltner, J., disqualified.*

DECIDED SEPTEMBER 11, 1989 —
RECONSIDERATION DENIED OCTOBER 5, 1989.

Murphy, Murphy & Garner, Stephen E. Garner, Jack F. Witcher, for appellant.

Barnes & Browning, Roy E. Barnes, Alston & Bird, John E. Stephenson, Jr., Long, Aldridge & Norman, Albert G. Norman, Jr., F. T.

*Davis, Jr.,* for appellee.