## 77371. HEARD v. NEIGHBOR NEWSPAPERS, INC. et al.

(389 SE2d 267)

POPE, Judge.

In *Heard v. Neighbor Newspapers*, 190 Ga. App. 756 (380 SE2d 279) (1989), we held that the publication of information from a welfare fraud investigator as to what transpired in court was statutorily privileged and that the plaintiff in this case had failed to create an issue of fact as to the malice of the defendant newspaper which would be necessary to defeat the statutory privilege. The Georgia Supreme Court granted certiorari and in *Heard v. Neighbor Newspapers*, 259 Ga. 458 (383 SE2d 553) (1989), held that information received from a welfare investigator did not fall within the privilege granted by OCGA § 51-5-7 (7) to "information received from any arresting officer or police authorities." The Supreme Court held that summary judgment should not have been granted to defendant newspaper. Thus, our judgment on the issue of liability is vacated.

However, the motion for summary judgment filed by defendant with the trial court raised not only the issue of summary judgment on plaintiff's complaint against it in its entirety but also partial summary judgment on the issue of plaintiff's claim for punitive damages. The trial court's order recited that defendant's motion for summary judgment was granted "in its entirety" thus granting defendant summary judgment not only on the issue of liability in general but also on the issue of punitive damages. The Supreme Court did not address the issue of punitive damages but granted certiorari only on the issue of whether the statutory privilege entitled defendant to summary judgment on plaintiff's claim in its entirety. Thus, we must now examine the remaining enumerations of error set forth by the plaintiff which relate to whether the trial court erred in granting defendant's motion for partial summary judgment on the issue of punitive damages.

Punitive damages may be recovered only upon a "showing of knowledge of falsity or reckless disregard for the truth." *Gertz v. Robert Welch, Inc.*, 418 U. S. 323, 349 (94 SC 2997, 41 LE2d 789) (1974). A plaintiff who does not prove knowledge of falsity or reckless disregard for the truth is restricted to compensation for actual injury. Id. As discussed in Division 2 of our earlier opinion, 190 Ga. App. at 758, in support of its motion for summary judgment the defendant submitted the affidavit of its reporter describing the facts and circumstances surrounding the welfare investigator's visit to her office and the information she received from him. She attested that she believed the information received from the investigator was true. In response, plaintiff submitted the affidavit of an individual who purported to be an expert in news reporting who asserted that, in his opinion, the article in question was published without adequate investigation and verification of its contents and that its publication did not meet accept-

able industry standards. As we pointed out in the earlier opinion, "[a]t best, the expert's affidavit created an issue of fact as to the reporter's negligence." Id. at 759. It did not, however, create an issue of fact as to defendant's knowledge of the falsity of the information supplied by the welfare investigator or as to defendant's reckless disregard for the truth. The plaintiff's having failed to dispute the facts established by the reporter's affidavit, no issue of fact remains as to defendant's recklessness or knowledge of the falsity of the information it received and defendant is entitled to partial summary judgment on the issue of punitive damages.

*Judgment reversed in part and affirmed in part. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 29, 1989.

*Jack F. Witcher, John E. Gilchrist, Stephen E. Garner,* for appellant.

*Long, Aldridge & Norman, Albert G. Norman, Jr., F. T. Davis, Jr., Barnes & Browning, Roy E. Barnes, Alston & Bird, Jay D. Bennett,* for appellees.