A96A2283. DAVIS et al. v. SHAVERS.
(484 SE2d 243)

POPE, Presiding Judge.

Defendants James Travis Davis and Donald L. Shaw were members of a political group called "Citizens for Responsible Government," which filed certain recall applications against various officials of the City of Fort Oglethorpe, including plaintiff Glenn Shavers. A trial court found that the recall applications were legally insufficient, and that decision was affirmed by the Supreme Court of Georgia in *Davis v. Shavers*, 263 Ga. 785 (439 SE2d 650) (1994). Thereafter, Shavers brought this action for libel against numerous members of

the political group based upon statements made in the recall applications. After the defendants moved for summary judgment, 21 of the defendants were removed from the case, excluding Davis, who was chairperson of Citizens for Responsible Government and signed the applications, and Shaw, who initiated the process and presented the applications to the elections superintendent.

The case was tried against defendants Davis and Shaw, and verdicts in the amount of $40,362 were returned against each of them. Defendants now appeal the judgment entered on the verdicts, raising six enumerations of error.

1. Defendants enumerate as error the trial court's refusal to grant their motion for j.n.o.v. on the grounds that the allegations contained in the recall applications were absolutely privileged under the provisions of OCGA § 51-5-8. Specifically, defendants argue that Georgia's recall process, which is subject to limited judicial review, is a judicial or quasi-judicial proceeding, such that recall applications are, in effect, "pleading-type" documents whose contents are absolutely privileged to the same degree as court pleadings and other communications in civil proceedings.

Georgia law recognizes two different kinds of privileged communications: absolute and conditional. OCGA § 51-5-8 provides that "[a]ll charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous." While this Code section does not use the term "absolute," our courts have determined that OCGA § 51-5-8 confers an absolute privilege for statements made in judicial pleadings. *Wilson v. Sullivan*, 81 Ga. 238, 243-244 (7 SE 684) (1888). Absolute privilege means that there can never be any damages for such allegations. *Dixie Broadcasting Corp. v. Rivers*, 209 Ga. 98 (6) (a) (70 SE2d 734) (1952).

Certain other communications are also enumerated as privileged under Georgia law, including "[c]omments upon the acts of public men in their public capacity and with reference thereto." OCGA § 51-5-7 (8).[1] However, the privilege referred to in this Code section is not absolute, rather it is conditional or qualified, requiring a showing of good faith and good intention as essential ingredients of the privilege. *Fedderwitz v. Lamb*, 195 Ga. 691, 692 (25 SE2d 414) (1943); see also *Elder v. Cardoso*, 205 Ga. App. 144, 147 (3) (421 SE2d 753) (1992). Thus, "[t]he characteristic feature of absolute, as distin-

---

[1] OCGA § 51-5-7 was amended subsequent to the filing of this action. The 1996 amendment redesignates subsection (8) as subsection (9) and adds the words "or public women" following the words "public men."

guished from conditional, privilege is, that in the former the question of malice is not open; all inquiry into good faith is closed." *Wilson v. Sullivan*, 81 Ga. at 243. In the latter, if actual or express malice is proven, the conditional privilege will be destroyed.

Therefore, the question that must be decided in this appeal is whether allegations made against an elected official in a recall application are absolutely privileged and afforded the same protection as allegations made in "regular pleadings filed in a court of competent jurisdiction," (OCGA § 51-5-8) or whether these allegations are only conditionally privileged and afforded the same protection given to "[c]omments upon the acts of public men in their public capacity and with reference thereto." (OCGA § 51-5-7 (8)).

The Recall Act of 1989 (OCGA § 21-4-1 et seq.) sets out the process by which an elected official may be recalled. Under OCGA § 21-4-5, a recall is initiated by the filing of a recall application with the election superintendent that meets the requirements of OCGA § 21-4-5. Once a timely application has been filed, an elected official may seek judicial review "of the sufficiency of the ground or grounds for the recall and the fact or facts upon which such ground or grounds are based as set forth in such recall application." OCGA § 21-4-6 (a). However, OCGA § 21-4-6 (f) expressly limits the extent of judicial inquiry. Judicial review "shall be only for the determination of the *legal sufficiency of such alleged fact or facts as to form and not as to truth* and shall not include discovery or evidentiary hearings." (Emphasis supplied.) Thus, an elected official may only seek a judicial determination of the legal sufficiency of the form of the application, and judicial inquiry into the truth or falsity of the allegations contained in the application is expressly denied. See generally *Steele v. Honea*, 261 Ga. 644, 646-647 (409 SE2d 652) (1991).

Furthermore, the Recall Act of 1989 specifically denies an elected official the right to seek an evidentiary hearing where he or she could contest the truth of the accusations contained in a recall application and answer the charges, conduct discovery, call witnesses or present evidence in accordance with judicial procedures usually afforded litigants in a civil proceeding. The Act makes clear that the truth or falsity of the accusations against an elected official is to be determined by the electorate in a recall election without prior judicial review. *Collins v. Morris*, 263 Ga. 734, 737 (438 SE2d 896) (1994). Thus, even in cases where a recall application contains false and malicious accusations, an elected official has no right under the Recall Act of 1989 to seek an evidentiary hearing to contest the substance of the charges prior to the recall election.

Under these circumstances, we decline to hold that allegations contained in a recall application against an elected official are absolutely privileged. " 'The great underlying principle upon which the

doctrine of privileged communications rests is public policy. This is more especially the case with absolute privilege, where the interests and the necessities of society require that the time and occasion of the publication or utterance, even though it be both false and malicious, shall protect the defamer from all liability to prosecution, for the sake of the public good. It rests upon the same necessity that requires the individual to surrender his personal rights, and to suffer loss for the benefit of the common welfare. Happily for the citizen, this class of privilege is restricted to narrow and well-defined limits." *Fedderwitz v. Lamb*, 195 Ga. at 696.

We do not see how extending the absolute privilege to allegations contained in recall applications in the manner alleged by defendants will serve the public good. To the contrary, we find that allowing false and malicious allegations against an elected official to go to the electorate with no consequences whatsoever to the defamer offends all notions of fair play and justice. OCGA § 21-4-6 (f) affords an elected official no opportunity to contest false and malicious accusations in a judicial forum prior to a recall election, and we will not take away the official's only right to seek recourse against false and malicious accusations subsequent to a recall effort. Accordingly, we follow the Supreme Court of Georgia's path of restricting the class of absolute privilege "to narrow and well-defined limits," *Fedderwitz*, 195 Ga. at 697, and hold that accusations made in recall applications are only conditionally privileged as "[c]omments upon the acts of public men in their public capacity and with reference thereto." OCGA § 51-5-7 (8). Accordingly, the trial court did not err in ruling that the allegations contained in the recall applications against Glenn Shavers were not absolutely privileged.

2. In light of our decision in Division 1 of this opinion, we hold that the trial court's failure to charge the jury on absolute privilege was not error.

3. Defendants also enumerate as error the trial court's charging the jury on common law malice and libel per se, and the trial court's failure to give three charges requested by defendants that would have further defined the elements of actual malice.

In order for a public official to prevail in a libel action, an official must establish that a defendant acted with actual malice, " 'that is, with knowledge that it was false or with reckless disregard of whether it was false or not.' [Cit.]" *Williams v. Trust Co. of Ga.*, 140 Ga. App. 49, 51 (230 SE2d 45) (1976). This means that the burden is on the public official to show that a defendant had knowledge of the falsity of an accusation or acted with reckless disregard. Actual or constitutional malice is different from common law malice because knowledge of falsity or reckless disregard of the truth may not be presumed nor derived solely from the language of the publication

itself. Id. at 56. "Reckless disregard requires clear and convincing proof that [a defendant] was aware of the likelihood he was circulating false information. [Cit.] Thus, it is not sufficient to measure reckless disregard by what a reasonably prudent man would have done under similar circumstances nor whether a reasonably prudent man would have conducted further investigation. The evidence must show in a clear and convincing manner that [a defendant] in fact entertained serious doubts as to the truth of his statements. . . . [Cit.]" *Miller v. Woods*, 180 Ga. App. 486, 488 (349 SE2d 505) (1986).

In this case, the trial court first charged the jury on actual malice and the correct burden of proof. However, over defendants' objection, the trial court also charged the jury on common law malice (OCGA § 51-5-5) as follows: "I instruct you that in all actions for printed defamation, malice is inferred from the character of the charge. However, the existence of malice may be rebutted by proof." The trial court also instructed the jury that if they found the accusations of misconduct in office and malfeasance in office libelous per se, that the plaintiff was entitled to recover general damages. Therefore, the trial court's charge to the jury included both a charge on common law malice, a legal principle not applicable to this case, and actual malice, but did not explain the difference between the two or emphasize the importance of finding actual malice in this instance. The jury could have found actual malice under the first part of the charge, or inferred malice under the second part of the charge. "To give the jury a choice between common law malice and actual malice where the constitution requires that actual malice be shown is reversible error. *Greenbelt Cooperative Publishing Assoc. Inc. v. Bresler*, 398 U.S. 6, 10, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970)." *Straw v. Chase Revel, Inc.*, 813 F2d 356, 362 (9) (11th Cir. 1987). Furthermore, " '[a] charge which confuses the issues in the case and injects into the case issues not made by the pleadings or the evidence is presumptively harmful to the losing party. (Cits.)' [Cit.]" *Southern Intermodal Logistics v. Coleman*, 175 Ga. App. 853, 854 (1) (334 SE2d 888) (1985). Therefore, we find the trial court's charge to the jury, when considered as a whole, constituted reversible error.

We also note that under the circumstances of this case, the trial court's refusal to give any of defendants' request to charge on actual malice constituted error. The only definition of "malice" contained in the trial court's charge was that "actual malice is defined as knowledge that the statement made was false or with reckless disregard of whether it was false or not." The trial court refused all of defendants' requests to charge that would have emphasized the elements of actual malice and clarified the conflicting charges on actual and common law malice. Specifically, the trial court refused to charge that a public official cannot recover unless he or she proves with clear and

convincing evidence that the defendant knew his statement was false; that the ultimate proof of falsehood is not enough without the speaker's own personal knowledge or belief; that falsehood coupled with negligence is not enough; and that subjective awareness by the speaker must be shown — the test is not what a reasonable or ordinary person would think. These charges were correct statements of the law (see *Miller v. Woods*, 180 Ga. App. at 488; *Williams v. Trust Co.*, 140 Ga. App. at 51; *Heard v. Neighbor Newspapers*, 193 Ga. App. 719, 720 (389 SE2d 267) (1989)) and would have emphasized for the jury the importance of finding actual malice in this instance. "The charge as given by the trial court did not otherwise instruct the jury on these accurate and applicable legal principles. It follows that the trial court erred in refusing to give it." *Bank South, N.A. v. Roswell Jeep Eagle*, 204 Ga. App. 432, 434 (2) (419 SE2d 522) (1992).

4. Defendants enumerate as error the trial court's failure to direct a verdict at the close of plaintiff's case on the grounds that plaintiff failed to establish that defendants acted with actual malice or reckless disregard. Defendants also enumerate as error the trial court's failure to direct a verdict on the grounds that plaintiff failed to establish damages.

We have reviewed the evidence and hold that the evidence of actual malice and damage were sufficient to be considered by the jury. Therefore, defendants' remaining enumerations of error are without merit.

*Judgment reversed. Andrews, C. J., and Smith, J., concur.*

DECIDED FEBRUARY 17, 1997 —
RECONSIDERATION DENIED MARCH 17, 1997 —

*Waycaster, Morris, Johnson & Dean, R. Leslie Waycaster, Jr., Jeffrey J. Dean*, for appellants.
*John O. Wiggins*, for appellee.