A02A1164. KRIEGER v. SPEIR et al.
(564 SE2d 493)

ELDRIDGE, Judge.

On August 4, 1999, appellant-plaintiff Craig David Krieger filed in the Superior Court of Clayton County the instant "Equitable Peti-

---

tion to Set Aside Fraudulent Conveyances and for Other Relief" against appellees-defendants Thomas Lee Speir ("Speir"), Rebecca Speir Merry, the estate of Eleanor Cotton Speir, Jeffrey Edward Merry, Jr., Jonathan Lee Merry, Joshua Speir Merry, Thomas Lee Speir III, Angela Dawn Speir, Carlene H. Speir, the Speir Family Partnership, L.P., Oakpark Management Company, Inc., and Jeffrey E. Merry. In doing so, Krieger sought satisfaction of the Clayton County Superior Court's 1997 judgment upon a suit in equity awarding him treble damages in the amount of $771,444 against Speir, McFrugal Auto Rental, Inc., and others arising out of injuries Krieger sustained in a 1993 automobile accident when the vehicle he drove was hit by the driver of a car rented from McFrugal. The progression of the litigation which followed the accident through multiple courts to the entry of the unpaid judgment of the Clayton County Superior Court is detailed in *Speir v. Krieger*, 235 Ga. App. 392 (509 SE2d 684) (1998), which noted that the Fulton County Superior Court had correctly determined that Krieger had pierced the corporate veil and held, among other things, that McFrugal's "repeated sale to unsuspecting Georgia consumers of *non-existent* [automobile] insurance is the very essence of [OCGA § 16-14-1 et seq., civil RICO],[1] amounting to theft by deception. [Cits.]" Id. at 401 (5) (b).

By the instant petition, Krieger appeals from the Clayton County Superior Court's grant of partial[2] summary judgment to Speir and his second wife, Carlene H. Speir, declining to set aside as a fraudulent conveyance the September 21, 1995 transfer to her of the Henry County property which the Speirs first lived in as a married couple, 125 Oakpark Terrace ("125 Oakpark" or "property"), McDonough, and relieving her of potential liability associated with the subsequent sale of the property and reinvestment of the proceeds thereof in a second marital home in Jonesboro. Krieger challenges the grant of partial summary judgment to the Speirs. Finding such claim of error to be without merit, we affirm. *Held*:

OCGA § 18-2-22 renders null and void

(1) Every assignment or transfer by a debtor, insolvent at the time, of real or personal property or choses in action of any description to any person, either in trust or for the benefit of or on behalf of creditors, where any trust or benefit is

---

[1] This chapter may be cited as the Georgia Racketeer Influenced & Corrupt Organizations Act (RICO). OCGA § 16-14-1.

[2] In addition to its grant of summary judgment to Speir and Carlene H. Speir as here in issue, the superior court, noting that Krieger dismissed Joshua Speir Merry, Angela Dawn Speir, and Thomas Lee Speir III from the lawsuit on March 22, 2001, granted and denied summary judgment to the remaining appellees-defendants as to the transfer of a note, a mobile home, a marital residence, and certain personal property.

reserved to the assignor or any person for him; (2) Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description had or made with intention to delay or defraud creditors, where such intention is known to the taking party; a bona fide transaction on a valuable consideration, where the taking party is without notice or ground for reasonable suspicion of said intent of the debtor, shall be valid; and (3) Every voluntary deed or conveyance, not for a valuable consideration, made by the debtor who is insolvent at the time of the conveyance.

It is undisputed in the record that Speir never owned the 125 Oakpark property. Instead, as the superior court correctly ruled, the property passed as remainder property under the will of Speir's first wife, Eleanor Cotton Speir, which established a trust for Speir's benefit and named appellee-defendant Rebecca Speir Merry, Eleanor Speir's daughter by her marriage to Speir, as executrix and Speir's trustee. Pertinently, Eleanor Speir died in March 1994. Rebecca Merry, as her mother's executrix and her father's trustee, purchased the 125 Oakpark property later that month upon a real estate contract to purchase the property which Eleanor Speir initialed in February 1994. In September 1995, Rebecca Merry, again as executrix and trustee under her mother's will, sold the 125 Oakpark property to Carlene Speir for love and affection in that Carlene Speir had entered into an antenuptial agreement with Speir, agreed to become his second wife and forfeited a Fulton County pension in consideration of the transfer of the property to her in fee simple.

While Krieger correctly argues that the antenuptial agreement referred to the 125 Oakpark property as belonging to Speir,[3] he provided no evidence to this effect. Krieger further argues that the superior court should have ruled the transfer of the 125 Oakpark property fraudulent as a matter of law in that damages for fraud had been awarded against him in the underlying litigation. However, "[t]he mere reargument of a party's case or the denial of an opponent's allegations will be disregarded in considering a motion for summary judgment where no competent evidence has been submitted to raise a material issue of fact." *Heard v. Neighbor Newspapers*, 190 Ga. App. 756, 757 (1) (350 SE2d 279) (1989), rev'd on other ground, 259 Ga.

---

[3] Item 5 of the antenuptial agreement provided:
Within thirty days after the solemnization of the marriage between the parties, SPEIR shall deed *his* property located at 125 Oakpark Terrace, McDonough, Georgia, 30253, to [Carlene] Hanes, solely and in fee simple, but subject to the covenant and agreement of the parties as shall be stated in Item 5.
(Emphasis supplied.)

458 (383 SE2d 553) (1989); *Thrash v. Ga. State Bank*, 189 Ga. App. 21, 24 (375 SE2d 112) (1988). Krieger has submitted no such evidence in this case. In any event, this reference to the property did not unreasonably characterize the nature of the future interest Speir held therein for the broad powers Eleanor Speir conferred by her will upon Rebecca Merry, as Speir's trustee. These included the power: (1) to sell, exchange, or otherwise dispose of trust property, (2) to pay "to [Speir] or for his benefit from the principal or income such amounts, if any, as the Trustee in her sole discretion deems necessary or advisable for [Speir's] care, comfort or support," and (3) "to encroach upon the principal or income of the trust in such amounts as she may deem necessary in her sole judgment to provide [for Speir], including paying over the entire trust." Beyond the foregoing, the will required Rebecca Merry, as Speir's trustee, to disburse any residue remaining in the trust to Speir upon his sixty-fifth birthday, August 7, 1998.

In moving for summary judgment as to the 125 Oakpark property, Speir and his second wife, Carlene, had the initial burden to make a prima facie showing of their entitlement to summary judgment as a matter of law. On doing so, as they did in this case, the burden shifted to Krieger to come forward with rebuttal evidence. *Speir v. Krieger*, supra at 397 (2). This he failed to do. OCGA § 18-2-22 by its own terms is applicable only "to a conveyance made by one of his own property, with such intention known to the taker." *Jones v. Foster*, 150 Ga. 277 (1) (a) (103 SE 491) (1920). Given *Jones* and in the absence of rebuttal evidence on the issue of ownership, it follows that the superior court did not err in granting the Speirs summary judgment upon "find[ing] there to be no genuine issue of material fact whether the transfer of the 125 Oakpark property to Carlene Speir was a fraudulent conveyance because the property was never legally owned by [Speir] and the transfer was made by Rebecca Merry under her power as trustee over the property so that her [father] could marry Carlene Speir."

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED APRIL 15, 2002 — 

*S. Robert Hahn, Jr.*, for appellant.
*Gambrell & Stolz, Gary A. Barnes, John Hinton IV, Seaton D. Purdom*, for appellees.