A90A1315. TUCKER v. NEWS PUBLISHING COMPANY.

(397 SE2d 499)

CARLEY, Chief Judge.

Through his parents as next friends, appellant-plaintiff initiated this action against appellee-defendant, alleging claims for an invasion of privacy and the intentional infliction of emotional distress. After discovery, appellee moved for summary judgment. The trial court granted summary judgment in favor of appellee and appellant appeals.

1. The undisputed facts are as follows: Appellant was viciously attacked by a group of his fellow high school students. The attack took place on the school grounds during a school-sanctioned activity. Appellant's parents demanded an investigation by the school authorities. In addition, warrants were sworn out against the perpetrators and both the district attorney's office and the juvenile authorities launched investigations. The attack quickly became a topic of discussion in the school and a source of rumors throughout the local community. Two months after the attack, indictments were returned against several of the perpetrators. Several months after that, appellant and his parents filed a lawsuit against school officials.

Appellant's instant action is based upon appellee's publication of three newspaper articles wherein these events were truthfully reported. The first article was published two days after the indictments had been returned. Although this article did not name appellant, it did describe the attack upon him and the series of events which had ultimately culminated in the indictments. Numerous sources were cited, including court documents, an investigator in the district attorney's office, the district attorney himself, the county school superintendent, and the high school principal. The second article was published the next day and reported the impending arrest of two of the perpetrators. This article did contain appellant's name, reporting that the indictments had listed him as the victim. In addition to naming appellant, this article also contained a graphic description of the attack on him and cited as its source for that description the report of the district attorney's investigator. The third article reported on the lawsuit that had been filed against school officials and named appellant as being one of the plaintiffs therein. In addition to naming appellant, this article again contained a graphic description of the attack on him and cited as its source the indictments and court records.

Appellant urges that genuine issues of material fact remain as to whether the newspaper articles, notwithstanding their truthfulness, were an actionable invasion of his privacy insofar as they actually named him as the victim of the assault and gave graphic descriptions thereof. However, appellant's "right of privacy is unquestionably limited by the right to speak and print. [Art. I, Sec. I, Par. V, of the Ga.

Const. of 1983.] It may be said that to give liberty of speech and of the press such wide scope . . . would impose a very serious limitation upon the right of privacy; but if it does, it is due to the fact that the law considers that the welfare of the public is better subserved by maintaining the liberty of speech and of the press than by allowing an individual to assert his right of privacy in such a way as to interfere with the free expression of one's sentiments and the publication of every matter in which the public may be legitimately interested." *Pavesich v. New England Life Ins. Co.*, 122 Ga. 190, 204 (7) (50 SE 68) (1905).

Accordingly, "[t]he right to recover under an invasion of privacy theory is restricted where matters of public interest are involved. ' "(W)here an incident is a matter of public interest, or the subject matter of a public investigation, a publication in connection therewith can be a violation of no one's legal right of privacy." (Cit.)' [Cits.]" *Cox Communications v. Lowe*, 173 Ga. App. 812, 813 (1) (328 SE2d 384) (1985). The evidence of record shows that, through no fault of his own, appellant became the object of "public interest. The [attack upon him] necessarily became a matter of legal investigation and the subject matter of public records. During the pendency and continuation of the investigation, and until such time as the perpetrator[s] of the crime may be apprehended and brought to justice under the rules of our society, the matter will continue to be one of public interest, and the dissemination of information pertaining thereto would not amount to a violation of [appellant's] right of privacy." *Waters v. Fleetwood*, 212 Ga. 161, 167 (91 SE2d 344) (1956). By the time that the articles appeared, not only had the indictments been returned but also appellant's identity as the victim of a particularly violent attack had become well known among his classmates and in the general community. Accordingly, "[t]he matters reported . . . were all truthful matters of public knowledge or public record. ' "There is no liability when the defendant merely gives further publicity to information about the plaintiff which is already public. Thus there is no liability for giving publicity to facts about the plaintiff's life which are matters of public record. . . ." ' [Cit.]" *Reece v. Grissom*, 154 Ga. App. 194, 196 (2) (267 SE2d 839) (1980).

Appellant "has his right of privacy, the right to be let alone. 'There are times, however, when one, whether willingly or not, becomes an actor in an occurrence of public or general interest. When this takes place, he emerges from his seclusion. . . .' [Cits.] In the case sub judice [appellant] has, albeit unwillingly, become an actor in a public drama. Dissemination of information pertaining to this drama is no violation of [his] right of privacy." *Ramsey v. Ga. Gazette Pub. Co.*, 164 Ga. App. 693, 695 (1) (297 SE2d 94) (1982). It follows that the trial court correctly granted summary judgment in

favor of appellee as to its liability under an invasion of privacy theory. " 'In the case at bar however much we may sympathize with the feelings of [appellant], we consider that the [articles were] the subject of legitimate public interest.' " *Waters v. Fleetwood,* supra at 165.

2. "Georgia does recognize a cause of action for intentional infliction of emotional distress. [Cits.] However, in those cases where recovery has been authorized . . . , *the defendant's actions* were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff. [Cits.]" (Emphasis supplied.) *Georgia Power Co. v. Johnson,* 155 Ga. App. 862, 863 (2) (274 SE2d 17) (1980). Appellant was subjected to terrifying and insulting conduct only at the hands of his attackers. Appellee's only conduct was truthfully to report the occurrence of that terrifying and insulting event to which appellant was subjected. The desire of the victim of a crime not to have his name or the graphic details of his experience publicized is understandable. However, the commission of a criminal act and the response of law enforcement officials thereto is a matter in which the public, as well as the victim, has an interest. The law of this state provides appellant with a tort remedy against those who are legally responsible for his actual terrifying and insulting experience. It does not, however, provide appellant with an additional tort remedy against appellee for the truthful report of his terrifying and insulting experience to the public. "The only 'act' attributed to [appellee] was that of [publishing the articles]. The [articles were] about [appellant] but [they were] directed to [the public]. The legal remedy where one is allegedly injured by words published to a third person is an action for defamation. [Appellant] is not entitled to recover under the theory that the act of [publishing the articles] was an intentional infliction of emotional distress upon him." *Carter v. Willowrun Condominium Assn.,* 179 Ga. App. 257, 260 (5) (345 SE2d 924) (1986). It follows that the trial court correctly granted summary judgment in favor of appellee as to this theory of recovery.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 26, 1990.

*James A. Robbins, Jr.,* for appellant.

*Brinson, Askew & Berry, Robert L. Berry, Jr., Thomas D. Richardson,* for appellee.

*Hull, Towill, Norman & Barrett, David E. Hudson,* amicus curiae.