## S93G1065. MACON TELEGRAPH PUBLISHING COMPANY v. TATUM.
### (436 SE2d 655)

FLETCHER, Justice.

This court granted the writ of certiorari to consider whether the First Amendment prohibits a newspaper from being punished for publishing the name of a sexual assault victim in violation of OCGA § 16-6-23.[1] We hold that, under the facts of this case, both the United States and Georgia constitutions protect The Macon Telegraph from civil liability for the invasion of privacy claim from its publication of Tatum's name.

Nancy Tatum killed Shedrick Hill, Jr. with a shotgun after he broke into her home. He was carrying a knife in his hand and had exposed his penis when she shot him. After investigating the incident, the Macon Police Department concluded that Tatum acted in self-defense and therefore the homicide was justifiable. The investigating officers gave Tatum's name to two reporters for The Macon Telegraph, but admonished them not to publish it. Disregarding that advice, the newspaper identified Tatum and the street where she lived in an article reporting the break-in and shooting and a follow-up article on Hill's life. Based on these articles, Tatum sued the newspaper for invasion of privacy. A jury awarded her $30,000 in compensatory damages and $70,000 in punitive damages. The Court of Appeals affirmed. *Macon Telegraph Pub. Co. v. Tatum*, 208 Ga. App. 111 (430 SE2d 18) (1993). We reverse.

1. The U. S. Supreme Court has held that the First Amendment prohibits imposing damages on a newspaper that publishes the name of a rape victim obtained from a police report. *Florida Star v. B. J. F.*, 491 U. S. 524, 541 (109 SC 2603, 105 LE2d 443) (1989); see also *Cox Broadcasting Corp. v. Cohn*, 420 U. S. 469, 495 (95 SC 1029, 43

---

[1] The statute provides:

(a) It shall be unlawful for any news media or any other person to print and publish, broadcast, televise, or disseminate through any other medium of public dissemination or cause to be printed and published, broadcast, televised, or disseminated in any newspaper, magazine, periodical, or other publication published in this state or through any radio or television broadcast originating in the state the name or identity of any female who may have been raped or upon whom an assault with intent to commit the offense of rape may have been made.

(b) This Code section does not apply to truthful information disclosed in public court documents open to public inspection.

(c) Any person or corporation violating this Code section shall be guilty of a misdemeanor.

OCGA § 16-6-23.

This Code section has been erroneously referred to as the Georgia Rape Shield Statute. It is more appropriately classified as a rape victim confidentiality statute. The Georgia Rape Shield Statute providing rules of evidence is codified as OCGA § 24-2-3. *Harris v. State*, 257 Ga. 666 (362 SE2d 211) (1987).

LE2d 328) (1975) (holding that a state may not impose sanctions for the publication of a rape victim's name obtained from court records open to public inspection). We do not find the decision in *Florida Star* controlling because the rape victim in that case brought a claim for violation of the rape shield law and the state imposed liability based on a negligence per se standard. See *Florida Star*, 491 U. S. at 539. In contrast, Tatum brought a claim for common law invasion of privacy and the jury had to find that the fact disclosed about her private life was one that a reasonable person of ordinary sensibilities would find offensive. See *Cabaniss v. Hipsley*, 114 Ga. App. 367, 372 (151 SE2d 496) (1966).

2. We do, however, adopt the test enunciated in the *Florida Star* decision as a basis for evaluating Tatum's claim under the Georgia Constitution. " '[I]f a newspaper lawfully obtains truthful information about a matter of public significance then state officials may not constitutionally punish publication of the information, absent a need to further a state interest of the highest order.' " *Florida Star*, 491 U. S. at 533 (quoting *Smith v. Daily Mail Pub. Co.*, 443 U. S. 97, 103 (99 SC 2667, 61 LE2d 399) (1979)). Resolving the conflicting state interests depends on the specific facts in each case. See *Florida Star*, 491 U. S. at 530.

The Macon Telegraph satisfied the first requirement that it legally obtain truthful information about a matter of public significance. This case involves more than the reporting of a name solely because the person is a victim of a sexual assault. The two news articles identify Tatum as a person who defended herself against a sexual attack by shooting and killing an intruder in her home. Moreover, the commission of the crimes, police investigation, and departmental decision that Tatum acted in self-defense are matters of public interest. See *Waters v. Fleetwood*, 212 Ga. 161 (91 SE2d 344) (1956) (investigation into death of petitioner's daughter was a matter of public interest); *Tucker v. News Pub. Co.*, 197 Ga. App. 85 (397 SE2d 499) (1990) (victim of a sexual attack by fellow high school students became the object of public interest "through no fault of his own").

To resolve the second inquiry on whether punishment of the newspaper is required to further the state's interest in protecting the privacy of a sexual assault victim, it is necessary to weigh the individual's right to privacy against the public's right to know and the press's right to publish. See *Cox Broadcasting Corp.*, 420 U. S. at 491-497; *Waters*, 212 Ga. at 163. The Georgia Constitution guarantees the freedom of the press.[2] A free press is necessary to permit public

---

[2] The Constitution provides: "No law shall be passed to curtail or restrain the freedom of speech or of the press. Every person may speak, write, and publish sentiments on all subjects but shall be responsible for the abuse of that liberty. Constitution of the State of Geor-

scrutiny on the conduct of government and to ensure that government operates openly, fairly, and honestly. In first recognizing the "right to privacy," this court noted that the right "is unquestionably limited by the right to speak and print." *Pavesich v. New England Life Ins. Co.*, 122 Ga. 190, 204 (50 SE 68) (1905). For example, we held in *Waters* that the publication of photographs of a murder victim did not violate her mother's right to privacy since, "where an incident is a matter of public interest, or the subject matter of a public investigation, a publication in connection therewith can be a violation of no one's legal right of privacy." *Waters*, 212 Ga. at 167.

Under the facts of this case, we hold that Tatum, who committed a homicide, however justified, lost her right to keep her name private. When she shot Hill, Tatum became the object of a legitimate public interest and the newspaper had the right under the Federal and State constitutions to accurately report the facts regarding the incident, including her name. As a result, Tatum cannot recover damages from the newspaper for an invasion of privacy based on its publication of her name in connection with the sexual assault.

*Judgment reversed. All the Justices concur.*

DECIDED DECEMBER 2, 1993 —
RECONSIDERATION DENIED DECEMBER 17, 1993.

*Anderson, Walker & Reichert, Walter H. Bush, Jr., Susan S. Cole,* for appellant.

*Adams & Hemingway, William P. Adams, Butler, Wooten, Overby & Cheeley, Albert M. Pearson III,* for appellee.

*Hull, Towill, Norman & Barrett, David E. Hudson, James B. Ellington, Edward J. Tarver, Dow, Lohnes & Albertson, Terrence B. Adamson, Peter C. Canfield, James A. Demetry, C. Amanda Martin,* amici curiae.