A97A0912. FOSTER v. THE STATE.
(486 SE2d 635)

BLACKBURN, Judge.

Willie James Foster appeals his conviction on four counts of violating the Georgia Controlled Substances Act by selling cocaine or counterfeit cocaine to undercover police officers. He contends the court erred in allowing evidence of a prior conviction and in allowing introduction of state crime lab reports.

1. Foster contends the court erred in allowing the admission of state crime lab reports identifying the substances sold by him as cocaine, even though his attorney affirmatively stated that she had

no objection to such introduction at trial. This enumeration is without merit.

"In order to raise on appeal contentions concerning admissibility of evidence the specific ground of objection must be made at the time the evidence is offered, and a failure to do so will be considered as a waiver." (Citations, punctuation and emphasis omitted.) *Hunter v. State*, 202 Ga. App. 195, 197 (3) (413 SE2d 526) (1991). "[I]f no objection is made in the trial court, . . . no reversible error is committed by the trial court in allowing the evidence to be submitted." (Citations and punctuation omitted.) Id. at 196 (3).

Here, defendant not only failed to object, through his attorney, he affirmatively represented that he had no objection. The trial court did not err in admitting the subject reports under the above facts.

2. Foster contends that the State erred in allowing introduction of evidence of a prior conviction as there was insufficient evidence to show that he was the party who committed the prior offense, and the court failed to hold a similar transaction hearing prior to the introduction of the prior offense evidence.

Foster's first contention is without merit as Foster pled guilty to such offense and admitted at trial that he committed the offense.

As to Foster's second contention, the record reflects that, prior to trial, the State notified Foster that it intended to present evidence of the prior offense. At trial, the undercover officer, Michael Shedd, testified that Foster had sold him a quantity of cocaine in April 1989. The State introduced a copy of Foster's guilty plea to such offense. Foster did not raise any contemporaneous objection to Shedd's testimony or to the introduction of the guilty plea.

After Shedd's testimony, and outside the presence of the jury, the trial judge sua sponte stated that he should have held a similar transaction hearing prior to such testimony. The judge announced that he would hold the hearing at that time. Foster's counsel did not object to the timing of the hearing, but merely argued that the prior offense was not sufficiently similar to the offenses for which Foster was being tried. The court held that the similar transaction evidence was admissible.

We must first determine whether Foster's failure to timely and properly object to the similar offense evidence waives any objection thereto. It does not under the facts of this case.

Uniform Superior Court Rule 31.3 (B) requires that a similar transaction hearing be held *before* introduction of evidence regarding a prior offense. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). We have held that "the defendant's failure to object to the admission of similar transaction evidence on the basis that a Rule 31.3 (B) hearing was not conducted does not constitute a waiver" of the defendant's right to raise such issue on appeal. *Riddle*

*v. State*, 208 Ga. App. 8, 11 (1) (b) (430 SE2d 153) (1993). Accordingly, we find that the court erred in not holding a hearing prior to introduction of the evidence.

We must next address whether the trial court's failure to conduct a similar transaction hearing before introduction of the subject evidence requires reversal of the case. It does not under the facts of this case.

We have held that "failure to hold the hearing, even without overwhelming evidence of guilt, does not necessarily require a new trial. *Stewart v. State*, 263 Ga. 843, 845 (440 SE2d 452) (1994). Instead, the case may be remanded to the trial court to conduct a post-trial hearing on the admissibility of the evidence." *Williams v. State*, 218 Ga. App. 785, 787 (2) (463 SE2d 372) (1995).

Here, it is not necessary to remand the case for such hearing, as the court has already held such a hearing, and any error in failing to hold the hearing prior to the introduction of the subject evidence is harmless under the facts of this case. The only objection asserted by Foster at such hearing was that the prior offense was not sufficiently similar to the offenses for which Foster was being tried. This objection is without merit.

In the 1989 offense, Foster did not personally sell the cocaine to the undercover agent, but utilized an intermediary, Bobby Joe Walker. The agent told Walker that he wished to purchase cocaine. Walker then walked over to Foster, who handed him two plastic bags of cocaine. Walker gave the bags to the agent and collected the money. Walker then handed the money to Foster, who placed it in his shoe.

Here, the evidence with respect to one count showed that Foster also utilized an intermediary to sell cocaine to an undercover agent. The agent told Foster that he wanted to purchase cocaine. Foster then went into his apartment, came back out, and handed a plastic bag of cocaine to another individual. That individual gave the cocaine to the undercover agent and collected his money. He then gave the money to Foster, who put it in his pocket. The trial court did not err in finding that the prior offense was sufficiently similar to be admissible.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MAY 1, 1997.

Before Judge Craig.

*Martin & Martin, Karen K. Martin*, for appellant.

*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney*, for appellee.