## A98A0419. MORRISON v. THE STATE.
(502 SE2d 470)

MCMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of three counts of armed robbery. This appeal followed the denial of defendant's motion for new trial. *Held*:

In three enumerations of error, defendant contends the trial court erred in allowing the State to introduce evidence of his two prior armed robbery convictions.

"OCGA § 24-9-20 (b) provides, in pertinent part: 'If a defendant . . . wishes to testify . . . he may so testify in his own behalf. If a defendant testifies he . . . may be examined and cross-examined as any other witness, except that no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue.' 'As a general rule the presumption that one is of good character is included within the general presumption of innocence, or, if not included within it, it at least accompanies the presumption of innocence. Furthermore, the only pertinent question upon the issue raised by an accusation of crime and the defendant's plea of not guilty is whether the defendant is guilty of the crime charged; and if the evidence establishes his guilt, the character of the accused is entirely immaterial.' *Ward v. State*, 14 Ga. App. 110, 111 (80 SE 295) (1913). A jury is forbidden, 'although they have . . . evidence of the character and nature of the defendant, to convict him "upon general principles," as that expression is sometimes used in general parlance.' *Green v. State*, 172 Ga. 635, 640 (158 SE 285) (1931). Thus, no evidence of a criminal defendant's general bad character or prior convictions shall be admissible against him at trial unless and until such defendant shall have first put his character in issue. See OCGA § 24-9-20 (b). It follows that the State cannot rebut or question the presumption of the defendant's good character unless the defendant discards the presumption thus afforded and elects to put his actual character in issue by evidence of other witnesses or by his own testimony. See *Murray v. State*, 157 Ga. App. 596 (1) (278 SE2d 2) (1981)." *Phillips v. State*, 171 Ga. App. 827 (2)

(321 SE2d 393). In short, "[w]hen the defendant has put his character in issue or denied a prior crime, the State is entitled to make 'an unbridled attack on the defendant's character or credibility by introducing evidence of past wrongdoing[.]' (*Phillips v. State*, 171 Ga. App. 827, 831[, supra] (special concurrence)[,] cited with approval in [*Jones v. State*, 257 Ga. 753, 759 (363 SE2d 529)])." *Wilkey v. State*, 215 Ga. App. 354, 355 (450 SE2d 846).

In the case sub judice, defendant testified at trial that, "as far as robbing the Western Union [a victim of one of the crimes charged] or anybody, I didn't do that." Explaining this direct testimony upon cross-examination, defendant testified that he "didn't rob nobody." This testimony is like the testimony in *Brown v. State*, 237 Ga. 467, 468 (228 SE2d 853), where the defendant "said he never robbed anybody and never stole anything. [In *Brown*, the Supreme Court of Georgia] held: 'Once a defendant "opens the door" for character evidence, specific events may be used in testing the extent and foundation of the defendant's knowledge and the correctness of his testimony on direct examination.' See also *Darden v. State*, 236 Ga. 897 (2) (225 SE2d 904) (1976)." *Shepherd v. State*, 239 Ga. 28, 29-30 (2) (235 SE2d 533). It thus follows, in the case sub judice, that defendant's testimony that he did not rob "anybody" opened the door to his character and the State's inquiry about defendant's prior armed robbery convictions. The trial court, therefore, did not err in allowing evidence of defendant's prior felony convictions at trial.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED APRIL 30, 1998 —
RECONSIDERATION DENIED JUNE 12, 1998 —

*Benjamin Gratz, Jr.*, for appellant.
Carnell Morrison, *pro se*.
*C. Paul Bowden, District Attorney*, for appellee.