## A98A1778. MARTIN v. THE STATE.
(510 SE2d 602)

ANDREWS, Chief Judge.

Kelly Marie Martin appeals from the judgment entered on her conviction of one count of interference with custody and one count of cruelty to children by biting four-year-old C. M.[1] We affirm.

1. Viewed in favor of the verdict, the evidence was that C. M. was the child of David Martin and Dora Lee Parrish. Parrish and her husband, who was not Martin, were in the process of moving from Oklahoma to Georgia and, during one trip in February 1994, Parrish visited defendant Kelly Martin and co-defendant Karl Andrew Martin, Kelly's husband. Andrew Martin is the brother of David Martin. During this visit, the Martins and Parrish discussed C. M.'s staying with the Martins. After thinking about it, Parrish agreed that C. M. would stay with the Martins while she and her husband moved. When Parrish completed moving in April 1994, she contacted Kelly Martin to attempt to get C. M. back. She was told that the child was in camp and would not be back for a week, which was not true.

Parrish visited the Martins' trailer and was told by Kelly Martin that C. M. was at someone else's home and gave her directions, although the child was locked in a room in the trailer at the time. After Parrish obtained a warrant, the Martins were stopped by police and C. M. was taken to the police station with the Martins. Although it was April and not cold, C. M. was wearing a long-sleeved shirt and long pants. Officer Rasmussin examined C. M. and discovered numerous bruises and bite marks on the child's body, including several on her face which were covered with makeup.

Dr. Cortez examined C. M. and found extensive bruising and bite marks. The bruises were in various stages of healing, indicating they had been imposed over a period of time. Dr. Cortez opined that the bite marks she found were made by an adult, based on the size of the marks. It was further her opinion that the injuries she found were not the result of C. M.'s falling, as contended by Martin.

The evidence was legally sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Mitchell v. State*, 233 Ga. App. 92 (1) (503 SE2d 293) (1998).

2. Martin's first enumeration is that the court erred by using the word "alone" in its charge to the jury that "to warrant a conviction on circumstantial evidence *alone*, the proven facts must not only be consistent with the theory of guilt, but must exclude every other reasonable theory other than the guilt of the accused." (Emphasis supplied.)

The charge given, however, was precisely that requested by

---

[1] A mistrial was declared on a second count of cruelty to children by striking C. M. after the jury was unable to reach a verdict.

Martin in her Request No. 6 and she will not now be heard to complain regarding it.

" 'Asserted prejudice based upon induced error is impermissible. (Cit.)' [Cit.]" *Sharp v. State*, 183 Ga. App. 641, 643 (3) (360 SE2d 50) (1987).

We note that the charge given is the functional equivalent of the rule contained in OCGA § 24-4-6 and was not error. *Lowe v. State*, 267 Ga. 180, 181 (3) (476 SE2d 583) (1996).

3. The second enumeration is that Martin's due process rights were violated by admission of photographs and a videotape showing C. M.'s injuries.

The objection made below to the photographs was that the prejudicial impact outweighed their probative value and they would inflame the jury. The videotape was objected to only as "hearsay," which is considered in Division 4.

The photographs of C. M. each showed different areas of her body and the numerous bruises and bite marks on different areas and were relevant to the charges of cruelty to a child. "Relevant evidence is not subject to an objection that it might inflame the minds of the jury or prejudice the jury; 'the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value.' (Citation and punctuation omitted.) [Cits.]" *Johnson v. State*, 224 Ga. App. 568, 569-570 (1) (481 SE2d 268) (1997). This is so even if some of the evidence is cumulative, as Martin argues. *McKinney v. State*, 213 Ga. App. 498, 500-501 (3) (445 SE2d 550) (1994).

4. Martin contends that the admission of the videotape of C. M.'s interview with Ms. Redding of DFACS violated her right to confrontation, relying on *Rolader v. State*, 202 Ga. App. 134, 139 (1) (413 SE2d 752) (1991), because there was insufficient indicia of reliability shown.

"Indicia of reliability must spring from the circumstances of the statement. *Godfrey v. State*, 258 Ga. 28, 29 (365 SE2d 93); see *Knopp v. State*, 190 Ga. App. 266 (2) (378 SE2d 703). The factors which the court may consider, when applicable, include but are not limited to the following: (1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consis-

tency between repeated out-of-court statements by the child. Compare *Hunter v. State*, 194 Ga. App. 711, 712 (391 SE2d 695); *Ortiz v. State*, 188 Ga. App. 532, 535 (3) (374 SE2d 92); and *Newberry v. State*, [184 Ga. App. 356, 358 (4) (361 SE2d 499)]; see also *State v. Sorenson*, 421 NW2d 77 (S.C. Wisc.). These factors are to be applied neither in mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or absence of the requisite degree of trustworthiness. Nor does the fact that the statement is made days, weeks, or even 'several months after the alleged incident,' in and of itself make the statement unreliable. *Newberry*, supra at 358 (2)." *Gregg v. State*, 201 Ga. App. 238, 240-241 (2) (b) (411 SE2d 65) (1991).

Here, Redding interviewed C. M. in a room at the police station furnished with a couch, numerous dolls and other items for a child to play with. The interview was on April 21, after Martin's arrest on April 18. Redding sat on the floor with C. M. while she talked to her. Sgt. Thurston was present and operated the video recorder and asked only one or two questions. Both Redding and Thurston were dressed in civilian clothing. The questions asked by Redding were not suggestive nor were any threats or promises made. C. M. was reluctant to discuss her injuries, but did implicate Kelly and Andrew Martin. While there were some inconsistencies between C. M.'s initial statement given to Redding on April 18 and the videotape, these were matters for the jury's consideration in weighing the evidence, not determinative of admissibility. *Medina v. State*, 234 Ga. App. 13, 14 (1) (a) (505 SE2d 558) (1998); *Duncan v. State*, 232 Ga. App. 157, 159 (2) (500 SE2d 603) (1998).

There were sufficient indicia of reliability for admission of the videotape and the court made the child available to Martin for cross-examination under the procedures of *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987). There was no error. *Knight v. State*, 210 Ga. App. 228 (1) (435 SE2d 682) (1993).

5. Finally, Martin contends that the court excluded relevant evidence she attempted to introduce concerning C. M.'s diet. A review of the record, however, shows that, when the State objected to this evidence, Martin's counsel did not pursue the issue, but stated "I'll move on." Therefore, there is nothing in this regard for us to review. Cf. *Foster v. State*, 226 Ga. App. 334, 335 (1) (486 SE2d 635) (1997).

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 28, 1998.

*Chapman & Pope, Daniel C. Chapman III*, for appellant.

*Tommy K. Floyd, District Attorney, Mary Evans-Battle, Assistant District Attorney*, for appellee.