A98A2350, A98A2351. MUNOZ v. AMERICAN LAWYER MEDIA, L.P. (two cases).
(512 SE2d 347)

JOHNSON, Chief Judge.

In Case No. A98A2350, Danielle Munoz appeals from the order granting summary judgment to American Lawyer Media, L.P., d/b/a Fulton County Daily Report ("the Daily Report"), from the order striking certain evidentiary affidavits regarding the issue of attorney fees, and from the order awarding $10,304.38 in attorney fees to the Daily Report. In Case No. A98A2351, Munoz appeals from the same order granting the Daily Report's motion for attorney fees and costs.

The issues involved in these two cases could have been raised in a single appeal. See generally OCGA § 5-6-34 (d). For reasons of judicial economy, we will address both appeals in a single opinion.

Munoz had body-piercing performed at a business called Piercing Experience. She gave Piercing Experience permission to photograph her, and to show this photograph depicting the results of the piercing procedure to prospective customers. The agreement prohibited Piercing Experience from disclosing Munoz's identity.

Piercing Experience subsequently sent a proposed advertisement to the University Reporter newspaper. The advertisement included a copy of the Munoz photograph. The photograph showed

her bare left breast, the piercing procedure, and her left arm; it did not show her face. Piercing Experience asked whether University Reporter would print the advertisement if Munoz's permission to use the photograph could be obtained. The University Reporter subsequently published the advertisement without obtaining permission from either Piercing Experience or Munoz.

Munoz sued Piercing Experience and University Reporter. Piercing Experience filed a cross-claim against University Reporter for publishing the advertisement without its permission. The jury rendered a verdict in favor of Munoz against University Reporter and in favor of Piercing Experience on its cross-claim against University Reporter.

The Daily Report subsequently published an article about the trial. The article contained a copy of the Munoz photograph and identified her by name. The Daily Report obtained the facts and photograph used in the article from the Munoz trial record. After the Daily Report published the photograph, Munoz sought to have the court record sealed. The trial court refused to seal the record, but did require court approval before the public could thereafter inspect the trial exhibits.

Munoz brought an action against the Daily Report for invasion of privacy and intentional infliction of emotional distress. The trial court granted the Daily Report's motion for summary judgment as well as its motion for attorney fees and costs. It also ordered that the affidavits of several members of the Georgia Bar, who had rendered opinions as to the novelty and reasonableness of the issues raised in Munoz's tort action before it was filed, be struck from the record. Munoz appeals. We affirm the grant of summary judgment to the Daily Report, but vacate the award of attorney fees and remand these cases as to that issue for an evidentiary hearing.

1. Munoz contends the trial court erred in granting the Daily Report's motion for summary judgment as to her claims for invasion of privacy and intentional infliction of emotional distress.[1] We disagree.

(a) *Invasion of privacy*: It is uncontroverted that the Daily Report accurately and fairly reported the facts and published a photograph which it had lawfully obtained from an unsealed court record open to the public. That being the situation, this case is controlled by the holding of the United States Supreme Court in *Cox Broadcasting Corp. v. Cohn*, 420 U. S. 469 (95 SC 1029, 43 LE2d 328) (1975).

---

[1] On appeal, Munoz appears to assert that she also filed a libel claim. The assertions in the complaint do not support her contention. Moreover, Munoz concedes in her appellate brief that her complaint was "based on theories of invasion of privacy and intentional infliction of emotional distress."

With respect to judicial proceedings, in *Cox* the Supreme Court expressly recognized that the function of the news media serves to guarantee the fairness of trials and to bring to bear the beneficial effects of public scrutiny upon the administration of justice. Id. at 492. After holding that privacy interests fade when the information involved already appears on the public record, the Supreme Court concluded: "At the very least, the First and Fourteenth Amendments will not allow exposing the press to liability for truthfully publishing information released to the public in official court records. . . . Once true information is disclosed in public court documents open to public inspection, the press cannot be sanctioned for publishing it." Id. at 496.

Munoz argues that *Cox* is factually distinguishable because the reported case at issue in this suit involved a civil action and because a photograph of Munoz's bare breast was published. This argument raises distinctions without any difference. The function of a free press is just as important in civil cases as in criminal cases. Photographic or other exhibits, and a trial record's printed text, are equally open to public inspection. After balancing the individual's right of privacy against freedom of the press, the United States Supreme Court has determined that the press may not be held liable for accurately reporting the contents of a trial record which had not been ordered sealed. See id. at 496. The Supreme Court's reasoning in *Cox* is not only sound, it is based upon long settled First Amendment jurisprudence, which this Court is neither inclined nor authorized to ignore.

Citing *Lawton v. Ga. Television Co.*, 216 Ga. App. 768, 773 (2) (456 SE2d 274) (1995), the trial court also found that the Daily Report was separately entitled to summary judgment under OCGA § 51-5-7 (6). That Code section provides a conditional privilege to those communications which, as in this case, are fair and honest reports of court proceedings. The existence of a conditional privilege under OCGA § 51-5-7 is a defense which precludes a claim for invasion of privacy. See *Lawton v. Ga. Television Co.*, supra at 773 (2).

Though a showing of actual malice will defeat a claim of conditional privilege, the Daily Report presented uncontroverted evidence that its editor and publisher believed the article to be newsworthy and of interest to the public, and that neither he nor the staff reporter harbored hatred or ill will toward Munoz. See OCGA § 51-5-9; see also *Savannah News-Press v. Hartridge*, 110 Ga. App. 203, 209 (2) (138 SE2d 173) (1964). By presenting this evidence, the Daily Report established the lack of any malice on its part, and the burden shifted to Munoz to point to specific evidence of actual malice in the record. She failed to do this. Thus, the trial court did not err by granting summary judgment to the Daily Report as to Munoz's inva-

sion of privacy claim based on the additional defense of conditional privilege. See *Purvis v. Ballantine*, 226 Ga. App. 246, 250-251 (3) (487 SE2d 14) (1997); *Kenney v. Gilmore*, 195 Ga. App. 407, 409 (2) (393 SE2d 472) (1990); *Heard v. Neighbor Newspapers*, 190 Ga. App. 756, 758 (2) (380 SE2d 279), rev'd on other grounds, 259 Ga. 458 (383 SE2d 553) (1989); *Meyer v. Ledford*, 170 Ga. App. 245, 247 (1) (316 SE2d 804) (1984).

(b) *Intentional infliction of emotional distress*: As a matter of law, the tort of intentional infliction of emotional distress will not provide a remedy to a plaintiff when the news media truthfully reports an actual newsworthy event, even if the event was so insulting as naturally to humiliate, embarrass or frighten the plaintiff. See *Tucker v. News Publishing Co.*, 197 Ga. App. 85, 87 (2) (397 SE2d 499) (1990). Rather, a defamation action is the legal remedy where one is allegedly injured by words published to a third person. Id.

While the Daily Report article was about the case involving Munoz, it was directed to the newspaper's public readership. See id. It is firmly established that even malicious, wilful or wanton conduct will not support a claim of intentional infliction of emotional distress if the conduct was not directed toward the plaintiff. *Ryckeley v. Callaway*, 261 Ga. 828, 829 (412 SE2d 826) (1992). If Munoz was allowed to prevail on this claim, it would be indirectly imposing liability upon the Daily Report for its accurate and fair publication of information and exhibits which it obtained from an open court record. One cannot do indirectly what the law does not allow to be done directly. See *Kingsmill &c. Assn. v. Homebanc &c. Bank*, 204 Ga. App. 900, 902 (2) (a) (420 SE2d 771) (1992). The trial court did not err in granting summary judgment as to the claim of intentional infliction of emotional distress.

2. Munoz contends that the trial court erred by striking certain affidavits of attorneys addressing questions raised in the Daily Report's motion for attorney fees. The standard of review on this issue is abuse of discretion, and we find that Munoz has failed to show that the trial court abused its discretion in striking these affidavits.

After the Daily Report filed a motion for attorney fees under OCGA § 9-15-14 (a) and (b), Munoz submitted five affidavits of attorneys on the issue of her good faith and to establish that she had engaged in legal research and considered the novelty of the case before filing suit. The trial court held that the affidavits, which did not contain any citation to legal authority, merely expressed the opinions and legal conclusions of the attorneys that Munoz's complaint was not frivolous and that an award of attorney fees and costs was unwarranted. The trial court held that the affidavits were immaterial.

OCGA § 9-15-14 (a) provides that attorney fees and expenses of litigation shall be awarded when a claim is brought with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim. OCGA § 9-15-14 (b) provides that a trial court may assess attorney fees and expenses of litigation if it finds an action was brought that, either in whole or part, lacked substantial justification. The phrase, "lacked substantial justification" means substantially frivolous, substantially groundless or substantially vexatious.

As a general rule, the admission of evidence is a matter which rests largely within the sound discretion of the trial court, and an appellate court will not interfere with the trial court's rulings absent an abuse of discretion. See generally *West v. Nodvin*, 196 Ga. App. 825, 827 (2) (b) (397 SE2d 567) (1990). Whether the affidavits contained mere legal opinions and conclusions of the attorneys regarding these statutory elements, and whether they contained evidence that was material and relevant to the motion for attorney fees, were matters within the sound discretion of the trial court. Having reviewed the affidavits, which are part of the record, we believe the trial court correctly concluded them to be inadmissible for the reasons stated.

The trial court is presumed to know the law. *Rowe v. Rowe*, 195 Ga. App. 493, 494 (2) (393 SE2d 750) (1990). It did not need opinion testimony to assist it in resolving the legal issues raised by the Daily Report's motion for attorney fees, and it did not otherwise abuse its discretion in excluding the affidavits of the attorneys. See also *Hunnicutt v. Ga. Power Co.*, 168 Ga. App. 525, 527 (2) (309 SE2d 862) (1983); *Hinson v. Dept. of Transp.*, 135 Ga. App. 258, 260 (2) (217 SE2d 606) (1975); OCGA § 9-11-12 (f).

3. In both Case Nos. A98A2350 and A98A2351, Munoz contends the trial court erred in granting the Daily Report's motion for attorney fees under OCGA § 9-15-14 (a) and (b), because no hearing was held on the issue and there was insufficient evidence to support the award.

(a) *Right to a hearing on an award of attorney fees*: In *Cohen v. Feldman*, 219 Ga. App. 90, 92 (2) (464 SE2d 237) (1995), this Court concluded that a party opposing a claim for attorney fees under OCGA § 9-15-14 (b) has a basic right to confront and challenge testimony as to the value and need for legal services. The record in *Cohen* failed to show that Cohen had been afforded such an opportunity, so the judgment for attorney fees was reversed and the case was remanded for an evidentiary hearing. Id.; see *Mitcham v. Blalock*, 214 Ga. App. 29, 33 (2) (447 SE2d 83) (1994). See also *Hallman v.*

*Emory Univ.*, 225 Ga. App. 247, 252 (4) (483 SE2d 362) (1997) (physical precedent only).

While we can envision situations in which a party may waive the right to an evidentiary hearing on a motion for attorney fees, either expressly or by conduct, there is nothing in the record before us in this case to suggest that Munoz did so. In her response to the Daily Report's motion for attorney fees, Munoz specifically objected to the assertions of the Daily Report's lead counsel that he should be paid for 42.8 hours of work and that the time spent and hourly rates were both reasonable and necessary. This timely objection was sufficient to preclude a waiver by conduct of Munoz's right to an evidentiary hearing. See *Riddle v. State*, 208 Ga. App. 8, 11 (1) (b) (430 SE2d 153) (1993); cf. *Foster v. State*, 226 Ga. App. 334, 335 (2) (486 SE2d 635) (1997). Therefore it was error for the trial court to enter judgment for the Daily Report as to its attorney fees without providing Munoz an opportunity to confront and challenge the Daily Report's evidence. See *Cohen*, supra; see also *Hallman*, supra. We take this opportunity to encourage any party who hereafter desires an evidentiary hearing to make a timely request, as generally, the filing of a request for hearing will preclude waiver by conduct.

(b) In view of our holding in Division 3 (a), the claim of insufficiency of evidence to support the award of attorney fees is not ripe for adjudication.

The order of the trial court granting summary judgment to the Daily Report, as to Munoz's claim of invasion of privacy and intentional infliction of emotional distress is affirmed. The order of the trial court granting attorney fees to the Daily Report is vacated and the cases remanded for an evidentiary hearing on the Daily Report's motion for attorney fees.

*Judgment affirmed in part and vacated in part in Case No. A98A2350. Judgment vacated in Case No. A98A2351. Both cases are remanded with direction. Smith and Barnes, JJ., concur.*

DECIDED FEBRUARY 15, 1999 — ▮

*S. Robert Hahn, Jr., George L. Kimel*, for appellant.
*Long, Aldridge & Norman, Bruce P. Brown, Steven P. Smith*, for appellee.