## A99A0995. MADDOX v. THE STATE.
(521 SE2d 581)

Judge Harold R. Banke.

Charles Maddox was convicted of two counts of armed robbery arising out of his assisting a gunman take purses from L. Y. and L. E. He asserts four grounds for appeal: (i) insufficiency of the evidence; (ii) admission of his prior convictions; (iii) improper impeachment of his alibi witnesses; and (iv) ineffective assistance of counsel.

1. Viewing the evidence favorable to the verdict, could any rational trier of fact have found the elements of two armed robberies beyond a reasonable doubt? See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Two males approached the two women as they exited a club early one morning. With his left hand in his pocket, the first male ordered them to stop or he would shoot. Repeating his threat to shoot, he commanded L. E. to hand her purse to him and L. Y. to hand her purse to the second male, which they did. As the two males escaped, the first male pulled a gun from his pocket and directed the victims to leave or he would shoot them.

The victims phoned police, who arrived about an hour later and interviewed them for a description of the males. While the victims drove briefly around the vicinity in the hopes of recovering the purses, they spotted Maddox walking on the sidewalk and immediately recognized him as the second male. They returned and informed the police, who quickly tracked down and apprehended Maddox. Police brought the victims to the site of apprehension and asked if Maddox assisted in the robbery. Both victims positively identified him then and at trial. A cigarette lighter belonging to L. E. was found on Maddox. The evidence sufficed to sustain the convictions.

Maddox contends there was no evidence of a weapon. This is specious in light of the testimony the victims saw the first male, as he escaped, remove a gun from his pocket and threaten them. Moreover, during the robbery the first male kept his hand in his pocket and repeatedly threatened to shoot the victims. Circumstantial evidence may establish the presence of a weapon during a robbery even though the weapon is unseen. *Hughes v. State*, 185 Ga. App. 40, 41 (363 SE2d 336) (1987). Threatening to shoot a victim while keeping a hand concealed shows the weapon element of armed robbery. *McCluskey v. State*, 211 Ga. App. 205, 207 (2) (438 SE2d 679) (1993); *Johnson v. State*, 195 Ga. App. 56, 57 (1) (a) (392 SE2d 280) (1990).

2. During cross-examination of Maddox, the State introduced his prior convictions for robbery. Maddox raised no objection, which waived the issue. *McClarity v. State*, 234 Ga. App. 348, 349-350 (2) (506 SE2d 392) (1998).

3. Maddox contends the State improperly impeached his alibi

witnesses by asking them about prior convictions. A witness may be impeached by evidence of convictions of crimes involving moral turpitude. OCGA § 24-9-84; *Hawes v. State*, 266 Ga. 731, 733 (3) (470 SE2d 664) (1996).

With regard to the first alibi witness, the State queried him, without objection, whether he had pleaded guilty to various convictions, which he denied. When the State tendered the certified convictions, Maddox did object, and the State withdrew the tender. We discern no error.

With regard to the second alibi witness, the State tendered, without objection, his guilty plea on first offender drug offenses. Failure to object waived appellate review of the matter. *Foster v. State*, 226 Ga. App. 334, 335 (1) (486 SE2d 635) (1997).

4. After an evidentiary hearing on Maddox's motion for new trial, the trial court found against him on his claim of ineffective assistance. To establish ineffective assistance a defendant must show that his counsel's performance was deficient and that the deficiency resulted in prejudice to him. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "The trial court's determination on this issue will be affirmed unless that determination is clearly erroneous." *Pickstock v. State*, 235 Ga. App. 451, 453 (2) (509 SE2d 717) (1998).

(a) Maddox first contends counsel should have moved to suppress the in-court identification evidence on the ground it was tainted by the one-on-one showup at the site of apprehension. Such a motion would have failed, however, for in-court identification is proper when the prior one-on-one showup was reasonably and fairly conducted at or near the time of the offense. *Banks v. State*, 216 Ga. App. 326, 329 (3) (454 SE2d 784) (1995). Prompt on-the-scene confrontations and identifications are encouraged because they promote fairness, enhance the accuracy and reliability of identification, and result in the speedy release of innocent persons. *Smith v. State*, 235 Ga. App. 134, 137 (1) (508 SE2d 490) (1998).

The victims, who had viewed Maddox during the robbery under bright lights, spotted and identified Maddox in the vicinity shortly after the robbery, a fact conceded by Maddox in his testimony. He fit their description to police. Only after the police immediately apprehended Maddox did the one-on-one showup occur. This was reasonable and fair. See *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972). As the motion to suppress would have failed, Maddox showed no grounds for ineffective assistance. *Sewell v. State*, 229 Ga. App. 685, 687 (1) (a) (494 SE2d 512) (1997).

(b) Maddox asserts counsel erred in not objecting to the admission of his prior convictions. Counsel testified she believed Maddox had opened the door to these during cross-examination.

When a defendant testifies, evidence of prior convictions as impeachment is not admissible unless he first puts his character in issue. OCGA § 24-9-20 (b). Once he "opens the door" for character evidence, specific events may be used to test the extent and foundation of his knowledge and the correctness of his testimony. *Brown v. State*, 237 Ga. 467, 468 (2) (228 SE2d 853) (1976); *Morrison v. State*, 232 Ga. App. 846, 847 (502 SE2d 470) (1998). As in *Brown* and *Morrison*, Maddox testified that he would not rob, which allowed the State to bring in his prior convictions for robbery.

Citing *Arnold v. State*, 193 Ga. App. 206, 207 (2) (387 SE2d 417) (1989), Maddox contends that the State asked improper questions which compelled him to put his character in issue. The record belies this contention. On direct examination, Maddox admitted to using illegal drugs. The State was entitled to fully explore this issue on cross-examination. *Jones v. State*, 257 Ga. 753, 759 (1) (b) (363 SE2d 529) (1988). Moreover, the State was entitled to explore the possibility of Maddox's desire for drugs as a motive for the robbery, even if it incidentally put his character in issue. *Brady v. State*, 270 Ga. 574, 578-579 (5) (a) (513 SE2d 199) (1999).

On cross-examination the State asked Maddox how bad his drug habit was. Maddox responded that it was not that bad and that he had principles and morals. His latter statement was not called for by the question; he chose to place his character in issue by volunteering he had principles and morals. Following up, the State asked him to identify those principles. Maddox responded that he would not steal a purse to get money for drugs because he felt strongly about his mother and did not want someone stealing her purse. The State inquired whether this meant he would not rob, to which he responded, "No, I would not rob."

The State's limited questions simply followed up on issues voluntarily raised by Maddox on direct and on cross. His counsel properly chose not to object to the introduction of his robbery convictions, which at that juncture had become admissible to show the correctness of his testimony.

(c) Counsel failed to object to the introduction of the first offender sentence of the second alibi witness, which is not surprising since it was admissible for general impeachment purposes when the trial took place in 1996. See *Favors v. State*, 234 Ga. 80, 86 (3) (214 SE2d 645) (1975). Not until November 1997 did *Matthews v. State*, 268 Ga. 798, 803 (4) (493 SE2d 136) (1997), overrule *Favors* and hold first offender sentences were not so admissible. It can hardly be deficient performance for counsel to not object to evidence that at the time of trial was admissible; even Maddox's post-judgment counsel failed to claim the evidence was inadmissible in his pre-*Matthews* motion for new trial or at the hearing thereon. Trial counsel cannot

be expected to be clairvoyant.

(d) Finally, Maddox's counsel cannot be faulted for not interviewing a witness whose name Maddox purposely withheld from her until the day of trial. Maddox gave her no address or phone number, and her motion for continuance was denied. Maddox also chose to testify after being fully advised by counsel.

The trial court did not clearly err in finding against Maddox on the ineffective assistance claim.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 22, 1999.

*Johnson, Prioleau & Kenison, Theodore Johnson,* for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney,* for appellee.