S01A0625. DYE et al. v. WALLACE et al.
(553 SE2d 561)

HUNSTEIN, Justice.

Angie Dye, individually and as next friend and legal guardian of Lauren Licklider, a minor, filed suit against appellees, reporter Jim Wallace and his employer, McDuffie County Newspapers, Inc., which operates a weekly newspaper in Thomson. Dye sought damages for invasion of privacy by unlawful publication arising out of an article written by Wallace and printed in the newspaper reporting the statutory rape and child molestation of Licklider by Bromekis Hudson at a business owned and operated by Dye. The trial court granted appellees' motion for summary judgment declaring OCGA § 16-6-23, the Rape Confidentiality statute, to be unconstitutional. Because OCGA § 16-6-23 is indistinguishable from the Florida statute struck down as violative of the First Amendment by the United States Supreme Court in *Florida Star v. B. J. F.*, 491 U. S. 524 (109 SC 2603, 105 LE2d 443) (1989), we affirm the trial court's ruling.

It is uncontroverted that the criminal assault on Licklider was a matter of legitimate public concern, see *Macon Telegraph Publishing*

*Co. v. Tatum*, 263 Ga. 678, 679 (2) (436 SE2d 655) (1993), and that appellees lawfully obtained the information about the assault from a police report generated during the investigation of the crime and made available to the public. It is further uncontroverted that the published article accurately reflected the information contained in the police report. Nevertheless, appellant seeks to impose civil liability on appellees pursuant to OCGA § 16-6-23 (a). That statute provides:

> It shall be unlawful for any news media or any other person to print and publish, broadcast, televise, or disseminate through any other medium of public dissemination or cause to be printed and published, broadcast, televised, or disseminated in any newspaper, magazine, periodical, or other publication published in this state or through any radio or television broadcast originating in the state the name or identity of any female who may have been raped or upon whom an assault with intent to commit the offense of rape may have been made.

"The U. S. Supreme Court has held that the First Amendment prohibits imposing damages on a newspaper that publishes the name of a rape victim obtained from a police report. *Florida Star v. B. J. F.*, [supra]; [Cit.]" *Macon Telegraph*, supra, 263 Ga. at 678 (1). Specifically, the U. S. Supreme Court held that "where a newspaper publishes truthful information which it has lawfully obtained, punishment may lawfully be imposed, if at all, only when narrowly tailored to a state interest of the highest order." *Florida Star*, supra, 491 U. S. at 541 (III). This Court adopted the *Florida Star* test as the basis for evaluating actions for common law invasion of privacy in Georgia in *Macon Telegraph*, supra at 679 (2), but we were not called upon in that case to apply it to Georgia's Rape Confidentiality statute. That issue now being before us, we find that the rationale in *Florida Star* is fully applicable to OCGA § 16-6-23 and we hold that the statute contravenes the First and Fourteenth Amendments of the United States Constitution.

Appellant contends that OCGA § 16-6-23 does not unconstitutionally impose liability on appellees because the statute serves "a need to further a state interest of the highest order." *Florida Star*, supra, 491 U. S. at 537. However, the arguments raised by appellant in this case were raised before and rejected by the *Florida Star* Court. That Court recognized that "the privacy of victims of sexual offenses, the physical safety of such victims, who may be targeted for retaliation if their names become known to their assailants, and the goal of encouraging victims of such crimes to report these offenses

without fear of exposure," (punctuation omitted), id., represent "highly significant interests." Id. However, the circumstances in this case, like those present in *Florida Star*, establish that imposition of liability "is too precipitous a means of advancing these interests to convince us that there is a 'need' . . . to take this extreme step." Id. at 537. In particular, the State failed to utilize a more limited means of guarding against dissemination of Licklider's identity,[1] id. at 538; the statute promulgates the self-censorship concerns identified in *Florida Star*, id. at 538-539; the statute has the same broad negligence per se standard found objectionable in *Florida Star*, see id. at 539; and it suffers from the same underinclusiveness. Id. at 540.

Accordingly, we affirm the trial court's ruling in favor of appellees.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 2001.

*Danny L. Durham, Fleming, Blanchard, Jackson, Ingram & Floyd, Richard A. Ingram, Steinberg, Steinberg & White, Donald H. White,* for appellants.

*Hull, Towill, Norman, Barrett & Salley, James B. Ellington,* for appellees.

---

[1] The *Florida Star* Court recognized that because only information that is lawfully obtained is protected, "the government retains ample means of safeguarding significant interests upon which publication may impinge, including protecting a rape victim's anonymity." Id., 491 U. S. at 534. In recognizing that the government has the ability to forestall or mitigate injury caused by the release of sensitive information, the *Florida Star* Court explicitly stated as to sensitive information in government custody that the government

> may classify certain information, establish and enforce procedures ensuring its redacted release, and extend a damages remedy against the government or its officials where the government's mishandling of sensitive information leads to its dissemination. Where information is entrusted to the government, a less drastic means than punishing truthful publication almost always exists for guarding against the dissemination of private facts. [Cit.]

Id., 491 U. S. at 534. Although in Georgia initial police reports are subject to the Open Records Act, OCGA § 50-18-72 (a) (4), the Legislature has made no provision to exempt the disclosure of the names and identities of victims of sex crimes from the Act's purview. See OCGA § 50-18-72. Compare Fla. Stat. § 119.07 (3) (h) (1983) discussed in *Florida Star*, supra, 491 U. S. at 536 as providing that police reports which reveal the identity of the victim of a sexual offense are not among the matters of "public record" which the public is entitled to inspect.

Because it is uncontroverted that appellees here lawfully obtained the police report of Licklider's assault, we do not consider the interpretation given the Open Records Act by the Court of Appeals in *Doe v. Bd. of Regents*, 215 Ga. App. 684 (3) (452 SE2d 776) (1994) or the effect that our holding OCGA § 16-6-23 to be unconstitutional has on the ruling in *Doe* that OCGA § 16-6-23 qualifies as an exemption from the Act under § 50-18-70 (b).

*Paula K. Smith, Senior Assistant Attorney General,* amicus curiae.