MILLER, Judge,
concurring in part and dissenting in part.
While I agree with Divisions 1, 2, 3, 5, and 6 of the majority opinion, I cannot agree with the majority opinion as to Division 4. The Constitution of the State of Georgia mandates that “[i]n criminal cases, the defendant shall have a public and speedy trial by an impartial jury[.]” (Emphasis supplied.) Ga. Const, of 1983, Art. I, Sec. I, Par. XI (a). The First and Sixth Amendments to the Constitution of the United States also guarantee the right to a public trial. U. S. Const. Amend. 1; U. S. Const. Amend. 6; Presley v. Georgia, 558 U. S. 209, 212 (130 SCt 721, 175 LE2d 675) (2010). Federal courts have held that the First and Sixth Amendment rights to a public trial attach to sentencing proceedings. See, e.g., United States v. Thompson, 713 F3d 388, 393-394 (II) (8th Cir. 2013); United States v. Rivera, 682 F3d 1223, 1228-1229 (II) (B) (1) (9th Cir. 2012).
That is what we have here. Freeman was tried and convicted by a jury in open court, and then the State moved to close the courtroom for a portion of the sentencing proceedings. Freeman agreed to the closure. While Freeman may have waived his Sixth Amendment right to a hearing in open court by acquiescing in the State’s request, a defendant cannot waive the public’s interest in being present for the sentencing portion of the trial. See Rivera, supra, 682 F3d at 1228 (II) (B) (1) (recognizing that the “judge and prosecutor continue to bear grave responsibilities, both to the accused and to the broader community, during sentencing proceedings”) (emphasis supplied).
Courtrooms in Georgia have too often been closed, and there are only rare circumstances in which a trial court may conduct proceedings outside the presence of the public. See Presley, supra, 558 U. S. at 213; Judicial Qualifications Commission, Opinion No. 239. While “[t]he right to an open trial may give way in certain cases to other rights and interests, such as the defendant’s right to a fair trial or the government’s interest in inhibiting disclosure of sensitive information[,] . . . [s]uch circumstances will be rare . . . and the balance of *766 interests must be struck with special care.” (Citation omitted; emphasis supplied.) Presley, supra, 558 U. S. at 213. Before a trial court can exclude the public from any stage of a criminal trial,
[t]he party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.
(Citation and punctuation omitted.) Id. at 214.
In this case, the State did not advance an overriding interest that compelled the courtroom to be closed. Notably, in requesting that the courtroom be closed, the State merely stated that it expected to present evidence regarding open Georgia Bureau of Investigation (GBI) cases and that this “evidence if presented in open court may prejudice those investigations.” (Emphasis supplied.) The State then called a GBI officer who testified that Freeman cooperated in certain investigations, but that his assistance did not yield any valuable information.[36] The officer’s testimony did not disclose any sensitive information that could have possibly jeopardized any pending cases, and the State did not present any evidence that the pending cases required any additional investigation. There were other reasonable alternatives available, as the State could have established in open court that Freeman was cooperative but ultimately unhelpful.
Simply arguing that evidence may be related to a pending investigation does not satisfy the State’s burden of establishing an overriding interest. If we were to hold otherwise, a trial court would be authorized to close a courtroom based on conjecture. Trial judges are the keepers of the courtroom, entrusted with serious responsibilities to the parties and to the public at large. Maintaining public access serves to guarantee the fairness of trials because it provides an opportunity for public scrutiny upon the administration of justice. See Munoz v. American Lawyer Media, L.P., 236 Ga. App. 462, 464 (1) (a) (512 SE2d 347) (1999) (recognizing that the news media serves to guarantee the fairness of trials and to bring to bear the beneficial effects of public scrutiny upon the administration of justice in both civil and criminal cases).
*767 Decided July 16, 2014 —
Reconsideration denied July 31, 2014 —
Monica P Baron, for appellant.
W. Jeffrey Langley, District Attorney, for appellee.
Closing courtrooms is the exception, not the rule, and, even where the parties request closure, the trial court must protect the public’s constitutional right to access and limit such access only when vitally necessary. See Presley, supra, 558 U. S. at 212-213; Judicial Qualifications Commission, Opinion No. 239. Where, as here, the trial court unnecessarily closes the courtroom, the public’s trust and confidence injudicial proceedings is eroded. For this reason, I dissent.
I am authorized to state that Chief Judge Phipps and Presiding Judge Ellington join in this dissent.

 Although the trial court initially ordered the courtroom to be closed for other witnesses as well, the record shows that the trial judge opened the courtroom after the GBI officer testified.